JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

CARTER F. THURMAN
Trial Attorney, admitted to GA Bar
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW
Washington, D.C. 20044-7611
Tel.: (202) 305-0444 / Fax: (202) 305-0506
Carter.Thurman@usdoj.gov
CLARE M. BORONOW, admitted to MD Bar
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1362 / Fax: (303) 844-1350
clare.boronow@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN ZINKE, in his capacity as Secretary of the Interior, *et al.*, <br><br> Defendants. | No. 4:18-cv-05712-YGR <br> (Consolidated With Case No. 4:18-cv-05984-YGR) <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants Ryan Zinke, Secretary of the Interior; Joseph R. Balash, Assistant Secretary for Land and Minerals Management, United States Department of the Interior; the United States Bureau of Land Management ("BLM"); and the United States Department of the Interior hereby answer the allegations contained in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 29) ("Complaint") as follows.  The numbered paragraphs of this answer correspond to the numbered paragraphs in Plaintiffs' Complaint.  Defendants specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied by this Answer.

## RESPONSE TO INTRODUCTION[1]

1.      The allegations of the first and second sentence of Paragraph 1 provide Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations of the third sentence of Paragraph 1 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

2.      The allegations of the first sentence of Paragraph 2 are admitted to the extent that the BLM is a component of the U.S. Department of the Interior and the BLM issued a final rule entitled "Waste Prevention, Production Subject to Royalties, and Resources Conservation" ("Waste Prevention Rule") on November 18, 2016 (81 Fed. Reg. 83008).  The remaining allegations of Paragraph 2 purport to characterize the Waste Prevention Rule, a document which speaks for itself and is the best evidence of its contents.

3.      The allegations of the first sentence of Paragraph 3 purport to characterize estimations expressed by the BLM in the Waste Prevention Rule, a document which speaks for itself and is the best evidence of its contents.  Defendants admit the allegation in the second sentence of Paragraph 3 to the extent that the Waste Prevention Rule's initial effective date was January 17, 2017.

4.      The allegations of Paragraph 4 purport to characterize a Federal Register notice (82 Fed. Reg. 27430 (June 15, 2017)), a final rule (82 Fed. Reg. 58050 (Dec. 8, 2017)), and two U.S. District Court decisions (*State of California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106 (N.D. Cal.

---

[1] Defendants deny any allegations contained in the headings or subheadings of Plaintiffs' Complaint.

2017), and *State of California v. U.S. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054 (N.D. Cal. 2018)), all of which speak for themselves and are the best evidence of their contents.

5. In response to the first sentence of Paragraph 5, Defendants admit that, on September 28, 2018, the BLM published a final rule revising certain regulatory provisions introduced in the Code of Federal Regulations by the Waste Prevention Rule (83 Fed. Reg. 49184 (Sept. 28, 2018)) ("Revision Rule"). The remaining allegations in the first sentence of Paragraph 5 characterize the Revision Rule, which speaks for itself and is the best evidence of its contents. The allegations of the second, third, fourth, and fifth sentences of Paragraph 5 purport to characterize the Revision Rule, which speaks for itself and is the best evidence of its contents. The allegations of the second, third, fourth, and fifth sentences of Paragraph 5 also constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The allegations of the sixth and seventh sentences of Paragraph 5 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations of Paragraph 6 provide Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied. In further response, Defendants deny that Plaintiffs' are entitled to any relief whatsoever.

## RESPONSE TO JURISDICTION AND VENUE

7. The allegations of Paragraph 7 constitute conclusions of law, to which no response is required.

8. The allegations of Paragraph 8 constitute conclusions of law, to which no response is required.

## RESPONSE TO INTRADISTRICT ASSIGNMENT

9. The allegations of Paragraph 9 constitute conclusions of law, to which no response is required.

## RESPONSE TO PARTIES

10. The allegations of the first sentence of Paragraph 10 are a characterization of Plaintiffs' case, to which no response is required. Defendants lack sufficient information to either admit or deny

1    the allegations of the second and third sentences of Paragraph 10 and on that basis deny them.  In

2    addition, the allegations of the second and third sentences of Paragraph 10 constitute conclusions of law,

3    to which no response is required.

4        11.    Defendants lack sufficient information to either admit or deny the allegations in

5    Paragraph 11 and on that basis deny them.

6        12.    Defendants admit the allegations in the first sentence of Paragraph 12 to the extent that

7    that BLM administers approximately 15.2 million acres of public lands, 47 million acres of subsurface

8    mineral estate, and roughly 592,000 acres of Native American tribal mineral estate in California and

9    otherwise deny the allegations in the first sentence of Paragraph 12.  Defendants deny the allegations of

10   the second sentence of Paragraph 12 and aver that: in fiscal year 2017, there were 524 total oil and gas

11   leases administered by BLM in California, of which 320 were producing; these 524 oil and gas leases

12   covered 194,689 acres, of which 82,075 acres were producing; and in fiscal year 2017, there were 7,910

13   producible well bores on federal land in California.  Defendants admit the allegations in the third

14   sentence of Paragraph 12 to the extent that approximately 9.3 million barrels of oil and 12.91 billion

15   cubic feet of gas were extracted from federal lands in California in 2017.  Defendants deny the

16   remaining allegations of the third sentence of Paragraph 12.

17       13.    The allegations of the first sentence of Paragraph 13 are a characterization of Plaintiffs'

18   case to which no response is required.  Defendants lack sufficient information to either admit or deny the

19   allegations of the second sentence of Paragraph 13.  In addition, the allegations of the second sentence

20   of Paragraph 13 constitute conclusions of law, to which no response is required.

21       14.    Defendants admit the allegations of the first sentence of Paragraph 14 to the extent that

22   approximately one-third of New Mexico's land is currently federally administered and New Mexico is

23   currently the second-highest state in the nation in the number of producing oil and natural gas leases on

24   federal land.  The allegations in the first sentence are otherwise denied.  Defendants admit the second

25   sentence of Paragraph 14.  The allegations of the third sentence of Paragraph 14 are vague and

26   ambiguous and Defendants therefore lack sufficient information to either admit or deny them.

27       15.    The allegations in first sentence of Paragraph 15 are vague and ambiguous and

28

Defendants therefore lack sufficient information to either admit or deny them.  Defendants deny the allegations in the second sentence of Paragraph 15 and aver that, in 2017, the Office of Natural Resource Revenue ("ONRR") disbursed approximately $36 million to California for natural resource extraction within the state.  Defendants lack sufficient information to either admit or deny the allegations in the third sentence of Paragraph 15.  Defendants deny the allegations in the fourth sentence of Paragraph 15, and aver that, in 2017, ONRR disbursed approximately $455 million to New Mexico for natural resource extraction within the state.  Defendants lack sufficient information to either admit or deny the allegations in the fifth sentence of Paragraph 15.  Defendants lack sufficient information to either admit or deny the allegations in the sixth and seventh sentences of Paragraph 15, which purport to characterize an unidentified study.  The allegations of the eighth sentence of Paragraph 15 are vague and ambiguous and Defendants therefore lack sufficient information to either admit or deny them.

16.     The allegations in the first, second, third, and fourth sentences of Paragraph 16 are vague and ambiguous and Defendants lack sufficient information to either admit or deny them.  The allegations of the fifth sentence of Paragraph 16 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.

17.     The allegations of the first, second, and third sentences of Paragraph 17 are vague and ambiguous and Defendants therefore lack sufficient information to either admit or deny them.  Defendants lack sufficient information to either admit or deny the allegations of the fourth sentence of Paragraph 17.  The allegations of the fourth sentence of Paragraph 17 also constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

18.     Defendants lack sufficient information to either admit or deny the allegations of the first sentence of Paragraph 18 and on that basis deny them.  Defendants admit the allegations of the second sentence of Paragraph 18 to the extent that methane is a greenhouse gas.  The remaining allegations in the second sentence of Paragraph 18 are vague and ambiguous and Defendants therefore lack sufficient information to either admit or deny them.

19.     Defendants lack sufficient information to either admit or deny the allegations of the first sentence of Paragraph 19.  In addition, the allegations of the first sentence of Paragraph 19 are vague

and ambiguous and lack the necessary context to form a response.  The allegations of the second sentence of Paragraph 19 constitute conclusions of law, to which no response is required.  Defendants lack sufficient information to either admit or deny the allegations of the third sentence of Paragraph 19.

20.     Defendants lack sufficient information to either admit or deny the allegations of Paragraph 20.  In addition, the allegations of Paragraph 20 are vague and ambiguous and lack the necessary context to form a response.

21.     The allegations of the first sentence of Paragraph 21 purport to characterize the Revision Rule, which speaks for itself and is the best evidence of its contents.  The allegations of the first sentence of Paragraph 21 also constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations of the second sentence of Paragraph 21 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

22.     Defendants admit the allegations of the first sentence of Paragraph 22 to the extent that Ryan Zinke is the Secretary of the United States Department of the Interior.  The remaining allegations of Paragraph 22 constitute conclusions of law, to which no response is required.

23.     Defendants admit the allegations of Paragraph 23 to the extent that Joseph R. Balash is the Assistant Secretary for Land and Minerals Management within the United States Department of the Interior and that Joseph R. Balash signed the Revision Rule.  The remaining allegations of Paragraph 23 constitute conclusions of law, to which no response is required.

24.     Defendants admit the allegations of Paragraph 24 to the extent that that the BLM is an agency within the Department of the Interior and that it manages certain aspects of the federal onshore oil and gas program.  The remaining allegations of Paragraph 24 constitute conclusions of law, to which no response is required.

25.     Defendants admit the allegations of Paragraph 25 to the extent that the United States Department of the Interior is an Executive Branch department of the United States government.  The remaining allegations of Paragraph 25 constitute conclusions of law to which no response is required.

1

## RESPONSE TO STATUTORY BACKGROUND

2      26.     The allegations of the first and second sentences of Paragraph 26 are vague and

3  ambiguous and lack the context necessary to form a response; Defendants therefore lack sufficient

4  information to either admit or deny the allegations.  In further response, Defendants aver that the

5  Secretary of the Interior has delegated to the BLM the authority of the Assistant Secretary of the Interior

6  – Land and Minerals Management for administering operations on oil and gas leases on Federal and

7  Indian lands under, *inter alia*, the Mineral Leasing Act of 1920 ("MLA").  The remaining allegations of

8  Paragraph 26 purport to quote from the MLA, which speaks for itself and is the best evidence of its

9  contents.  To the extent the allegations are inconsistent with the MLA, the allegations are denied.

10      27.     The allegations in the first two sentences of Paragraph 27 purport to characterize and

11  quote from the Indian Mineral Leasing Act of 1938 and the Indian Mineral Development Act of 1982,

12  which speak for themselves and are the best evidence of their contents.  To the extent the allegations are

13  inconsistent with the cited statutes, the allegations are denied.  The remaining allegations of Paragraph

14  27 purport to characterize or quote from the Waste Prevention Rule, which speaks for itself and is the

15  best evidence of its contents.

16      28.     In response to the allegations of the first sentence of Paragraph 28, Defendants aver that

17  the Secretary of the Interior has delegated to the BLM the authority of the Assistant Secretary of the

18  Interior – Land and Minerals Management for administering operations on oil and gas leases on Federal

19  and Indian lands under the Federal Oil and Gas Royalty Management Act of 1982 ("FOGRMA").  The

20  remaining allegations of Paragraph 28 purport to characterize and quote from FOGRMA, which speaks

21  for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

22  FOGRMA, the allegations are denied.

23      29.     The allegations of Paragraph 29 purport to characterize and quote from the Federal Land

24  Management Policy Act ("FLPMA"), which speaks for itself and is the best evidence of its contents.  To

25  the extent the allegations of Paragraph 29 are inconsistent with FLPMA, the allegations are denied.

26      30.     The allegations of the first and second sentence of Paragraph 30 purport to characterize

27  and quote from the Administrative Procedure Act ("APA"), which speaks for itself and is the best

28

1   evidence of its contents.  To the extent that the allegations are inconsistent with the APA, the allegations

2   are denied.  The allegations of the third and fourth sentences of Paragraph 30 purport to characterize

3   certain judicial decisions, which speak for themselves and are the best evidence of their contents.

4       31.     The allegations of Paragraph 31 purport to characterize and quote from judicial decisions,

5   which speak for themselves and are the best evidence of their contents.  To the extent that the allegations

6   are inconsistent with those decisions, the allegations are denied.

7       32.     The allegations of the first, second, fourth, and fifth sentences of Paragraph 32 purport to

8   characterize and quote from the APA, which speaks for itself and is the best evidence of its contents.  To

9   the extent the allegations are inconsistent with the APA, the allegations are denied.  The allegations of

10  the third sentence of Paragraph 32 purport to characterize and quote from a judicial decision, which

11  speaks for itself and is the best evidence of its contents.  To the extent that the allegations are

12  inconsistent with that decision, the allegations are denied.

13      33.     The allegations of Paragraph 33 purport to characterize and quote from the National

14  Environmental Policy Act ("NEPA") and certain Council on Environmental Quality ("CEQ")

15  regulations, all of which speak for themselves and are the best evidence of their contents.  To the extent

16  that the allegations are inconsistent with NEPA or the cited regulations, the allegations are denied.

17      34.     The allegations of the first, second, and third sentences of Paragraph 34 purport to

18  characterize and quote from NEPA and certain CEQ regulations, which speak for themselves and are the

19  best evidence of their contents.  To the extent that the allegations are inconsistent with NEPA or the

20  cited regulations, the allegations are denied.  The allegations of the fourth and fifth sentences of

21  Paragraph 34 purport to characterize and quote from judicial decisions, which speak for themselves and

22  are the best evidence of their contents.  To the extent that the allegations are inconsistent with those

23  decisions, the allegations are denied.

24      35.     The allegations of the first, second, and third sentences of Paragraph 35 purport to

25  characterize and quote from NEPA and certain CEQ regulations, which speak for themselves and are the

26  best evidence of their contents.  To the extent that the allegations are inconsistent with NEPA or the

27  cited regulations, the allegations are denied.  The remaining allegations of Paragraph 35 purport to quote

28

from a judicial decision, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that decision, the allegations are denied.

### RESPONSE TO FACTUAL AND PROCEDURAL BACKGROUND

36.    The allegations of Paragraph 36 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.  To the extent the second sentence in Paragraph 36 purports to characterize the contents of 30 U.S.C. § 191(a), the statute speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the statute, the allegations are denied.

37.    The allegations of Paragraph 37 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.

38.    The allegations of Paragraph 38 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.  The allegations of the second and third sentences of Paragraph 38 also purport to characterize Government Accountability Office ("GAO") and Department of the Interior Office of the Inspector General reports, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those reports, they are denied.

39.    The allegations of Paragraph 39 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.

40.    The allegations of Paragraph 40 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.

41.    The allegations of Paragraph 41 purport to characterize the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent

with the Waste Prevention Rule, they are denied.

42.    The allegations of Paragraph 42 purport to characterize and quote from the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.

43.    The allegations of Paragraph 43 purport to characterize and quote from the Waste Prevention Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Waste Prevention Rule, they are denied.

44.    In response to the allegations of the first part of the first sentence of Paragraph 44, Defendants admit the Western Energy Alliance and the Independent Petroleum Association of America filed a lawsuit in the U.S. District Court for the District of Wyoming challenging the Waste Prevention Rule.  Defendants also admit that the States of Wyoming and Montana filed a second lawsuit in the District of Wyoming challenging the Waste Prevention Rule, and that the States of North Dakota and Texas intervened in those lawsuits.  The allegations of the second part of the first sentence of Paragraph 44 purport to characterize the complaints filed in those two lawsuits, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the complaints, they are denied.  Defendants admit the allegations of the second, third, and fourth sentences of Paragraph 44.  In response to the allegations of the first part of the fifth sentence of Paragraph 44, Defendants admit that the U.S. District Court for the District of Wyoming denied the petitioners' motions for a preliminary injunction in those two lawsuits.  The allegations of the second part of the fifth sentence of Paragraph 44 purport to characterize the court's order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the court's order, they are denied.

45.    Defendants admit that the Waste Prevention Rule had an initial effective date of January 17, 2017.

46.    Defendants admit the allegations of the first sentence of Paragraph 46.  The remaining allegations of Paragraph 46 purport to characterize and quote from Executive Order No. 13783, which speaks for itself and is the best evidence of its contents.  To the extent the allegations of Paragraph 46

1  are inconsistent with Executive Order No. 13783, the allegations are denied.

2        47.    Defendants admit that, on March 29, 2017, Secretary Zinke issued Secretary's Order No.

3  3349.  The remaining allegations of the first sentence of Paragraph 47 purport to characterize Secretary's

4  Order No. 3349, which speaks for itself and is the best evidence of its contents.  To the extent the

5  allegations of the first sentence of Paragraph 47 are inconsistent with Secretary's Order No. 3349, the

6  allegations are denied.  Defendants deny the allegations of the second sentence of Paragraph 47 and aver

7  that, on November 1, 2017, BLM published in the Federal Register Final Report: Review of the

8  Department of the Interior Actions that Potentially Burden Domestic Energy ("Final Report") (82 Fed.

9  Reg. 50,532 (Nov. 1, 2017)).  The allegations in the third sentence of Paragraph 47 purport to

10  characterize and quote from the Final Report, which speaks for itself and is the best evidence of its

11  contents.  To the extent the allegations of the third sentence of Paragraph 47 are inconsistent with the

12  Final Report, the allegations are denied.

13        48.    Defendants lack sufficient information to either admit or deny the allegations of the first

14  sentence of Paragraph 48.  In response to the allegations of the second sentence of Paragraph 48,

15  Defendants aver that, on May 10, 2017, the United States Senate rejected a joint resolution of

16  disapproval of the Waste Prevention Rule.

17        49.    Defendants admit the allegations of the first sentence of Paragraph 49 to the extent that,

18  on June 15, 2017, BLM issued the identified notice in the Federal Register (82 Fed. Reg. 27430 (June

19  15, 2017)) ("Postponement Notice").  The remaining allegations in the first sentence of Paragraph 49

20  purport to characterize the Postponement Notice, which speaks for itself and is the best evidence of its

21  contents.  In response to the allegations of the second sentence of Paragraph 49, Defendants admit that

22  the States of California and New Mexico challenged the Postponement Notice in the U.S. District Court

23  for the Northern District of California, but otherwise deny the allegations.  The remaining allegations of

24  Paragraph 49 purport to characterize an order issued by the U.S. District Court for the Northern District

25  of California, which speaks for itself and is the best evidence of its contents.  To the extent the

26  allegations are inconsistent with that order, they are denied.

27        50.    Defendants admit the allegations of the first sentence of Paragraph 50 to the extent that

28

the BLM issued a final rule suspending certain requirements in the Waste Prevention Rule (82 Fed. Reg. 58050 (Dec. 8, 2017)) ("Suspension Rule").  The remaining allegations of the first sentence are denied. The allegations in the second sentence of Paragraph 50 purport to characterize and quote from the Suspension Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Suspension Rule, the allegations are denied.  The Defendants admit the allegations of the third sentence of Paragraph 50 to the extent that Plaintiffs challenged the Suspension Rule in the U.S. District Court for the Northern District of California and Plaintiffs moved for a preliminary injunction of the Suspension Rule.  The remaining allegations of the third sentence of Paragraph 50 are denied.  The allegations of the fourth, fifth, and sixth sentences of Paragraph 50 purport to characterize and quote from a judicial decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that decision, they are denied.

51.     The allegations of the first sentence of Paragraph 51 are admitted to the extent that the BLM published a proposed rule to revise the Waste Prevention Rule on February 22, 2018 (83 Fed. Reg. 7924 (Feb. 22, 2018)) ("Proposed Revision Rule").  The remaining allegations of the first sentence are denied.  The allegations of the second and third sentences of Paragraph 51 purport to characterize and quote from the Proposed Revision Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Proposed Revision Rule, the allegations are denied.  The allegations of the fourth sentence of Paragraph 51 are admitted to the extent that the Plaintiffs submitted comments on the Proposed Revision Rule on April 23, 2018.  The remaining allegations of the fourth sentence of Paragraph 51 purport to characterize the Plaintiffs' comments on the Proposed Revision Rule, which speak for themselves and are the best evidence of their contents.

52.     The allegations in the first sentence of Paragraph 52 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that decision, they are denied.  Defendants admit the allegations in the second sentence of Paragraph 52.

53.     Defendants admit the allegations of the first sentence of Paragraph 53.  The remaining

allegations of Paragraph 53 purport to characterize and quote from the Revision Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Revision Rule, the allegations are denied.

54.   Defendants admit the allegations of the first sentence of Paragraph 54 to the extent that the BLM published a Regulatory Impact Analysis (RIA) for the Revision Rule on September 28, 2018. The remaining allegations of Paragraph 54 purport to characterize and quote from the RIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the RIA, the allegations are denied.

55.   Defendants admit the allegations of the first sentence of Paragraph 55 to the extent that the BLM published an Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) for the Revision Rule.  The remaining allegations purport to characterize and quote from the EA and FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the EA and FONSI, the allegations are denied.

## RESPONSE TO FIRST CAUSE OF ACTION

56.   Defendants incorporate by reference their responses to Paragraphs 1 through 55.

57.   The allegations of Paragraph 57 purport to characterize and quote from a number of judicial decisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those decisions, they are denied.

58.   Defendants deny the allegations of Paragraph 58.

59.   Defendants deny the allegations of Paragraph 59.

60.   Defendants deny the allegations of the first sentence of Paragraph 60.  To the extent the allegations of the second sentence of Paragraph 60 purport to characterize and quote from the Revision Rule, the Revision Rule speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Revision Rule, the allegations are denied.  Defendants deny the allegations of the third sentence of Paragraph 60.

61.   Defendants deny the allegations of the first and second sentences of Paragraph 61.  The allegations of the third sentence of Paragraph 61 purport to characterize the Revision Rule and the RIA,

1  which speak for themselves and are the best evidence of their contents.  To the extent the allegations are

2  inconsistent with the Revision Rule and the RIA, the allegations are denied.

3          62.     Defendants deny the allegations of Paragraph 62.

4          63.     Defendants deny the allegations of Paragraph 63.

5                      **RESPONSE TO SECOND CAUSE OF ACTION**

6          64.     Defendants incorporate by reference their responses to Paragraphs 1 through 63.

7          65.     The allegations of Paragraph 65 purport to characterize and quote from the MLA, which

8  speaks for itself and is the best evidence of its content.  To the extent the allegations of Paragraph 65 are

9  inconsistent with the MLA, the allegations are denied.

10         66.     Defendants deny the allegations of the first and fourth sentences of Paragraph 66.  The

11 second and third sentences of Paragraph 66 purport to characterize and quote from the MLA, which

12 speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent

13 with the MLA, the allegations are denied.

14         67.     Defendants deny the allegations of Paragraph 67.

15         68.     Defendants deny the allegations of Paragraph 68.

16                      **RESPONSE TO THIRD CAUSE OF ACTION**

17         69.     Defendants incorporate by reference their responses to Paragraphs 1 through 68.

18         70.     The allegations of Paragraph 70 purport to characterize and quote from NEPA and certain

19 CEQ regulations, which speak for themselves and are the best evidence of their contents.  To the extent

20 that the allegations are inconsistent with NEPA or the cited regulations, the allegations are denied.

21         71.     The allegations of the first and second sentences of Paragraph 71 purport to characterize

22 and quote from certain CEQ regulations, which speak for themselves and are the best evidence of their

23 contents.  To the extent the allegations are inconsistent with the cited regulations, the allegations are

24 denied.  The allegations of the third sentence of Paragraph 71 purports to quote from a judicial decision,

25 which speaks for itself and is the best evidence of its contents.  To the extent the allegations are

26 inconsistent with that decision, they are denied.

27         72.     Defendants deny the allegations of the first and second sentences of Paragraph 72.  The

28

*Defendants' Answer*
*California v. Zinke,* No. 4:18-cv-05712-YGR                                             14

allegations of the third sentence of Paragraph 72 purport to characterize and quote from the Revision Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Revision Rule, the allegations are denied.

73.     Defendants deny the allegations of the first sentence of Paragraph 73.  The remaining allegations of Paragraph 73 purport to characterize the EA and FONSI, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the EA and FONSI, they are denied.

74.     Defendants deny the allegations of Paragraph 74.

## RESPONSE TO PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' Complaint set forth Plaintiffs' requests for relief and do not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.     This Court lacks subject matter jurisdiction.

2.     Plaintiffs lack standing.

3.     The Complaint fails in whole or in part to state a claim upon which relief can be granted.

4.     Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, and that the Court order such other and further relief as the Court deems appropriate.

Respectfully submitted this 17th day of December, 2018.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Carter F. Thurman*
CARTER F. THURMAN
Trial Attorney, admitted to GA Bar
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW
Washington, D.C. 20044-7611
Telephone: (202) 305-0444
Facsimile: (202) 305-0506
Carter.Thurman@usdoj.gov
CLARE M. BORONOW, admitted to MD Bar
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1362 / Fax: (303) 844-1350
clare.boronow@usdoj.gov