XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA, State Bar No. 196029
Supervising Deputy Attorney General
GEORGE TORGUN, State Bar No. 222085
SHANNON CLARK, State Bar No. 316409
CONNIE P. SUNG, State Bar No. 304242
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-1974
 Fax:  (510) 622-2270
 E-mail:  George.Torgun@doj.ca.gov

*Attorneys for Plaintiff State of California*

HECTOR BALDERAS
Attorney General of New Mexico
ARI BIERNOFF, State Bar No. 231818
BILL GRANTHAM (*pro hac vice pending*)
Assistant Attorneys General
 201 Third St. NW, Suite 300
 Albuquerque, NM 87102
 Telephone:  (505) 717-3520
 E-Mail:  wgrantham@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA, by and through XAVIER BECERRA, ATTORNEY GENERAL, and the CALIFORNIA AIR RESOURCES BOARD; and STATE OF NEW MEXICO, by and through HECTOR BALDERAS, ATTORNEY GENERAL,**<br><br>Plaintiffs,<br><br>v.<br><br>**RYAN ZINKE,** Secretary of the Interior; **JOSEPH R. BALASH,** Assistant Secretary for Land and Minerals Management, United States Department of the Interior; **UNITED STATES BUREAU OF LAND MANAGEMENT**; and **UNITED STATES DEPARTMENT OF THE INTERIOR,**<br><br>Defendants. | Case No. 4:18-cv-05712-YGR<br><br>Consolidated with No. 4:18-cv-05984-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>Case Management Conf.: Jan. 7, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Courtroom 1, 4th Floor,<br>1301 Clay Street, Oakland, CA 94612 |

The parties to the above-entitled actions submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018, Judge Gonzalez Rogers' Standing Order In Civil Cases dated February 24, 2017, and Civil Local Rule 16-9. Undersigned counsel for Plaintiffs, Defendants,

1
Joint Case Management Statement – Case Nos. 4:18-cv-05712-YGR and 4:18-cv-05984-YGR

and Intervenor-Defendants have discussed the items enumerated in the Court's Standing Orders and respectfully submit the following joint statement.

1. <u>Jurisdiction and Service</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 5 U.S.C. § 702 (Administrative Procedure Act ("APA")). All parties have been served.

2. <u>Facts</u>

On September 28, 2018, Defendant U.S. Bureau of Land Management ("BLM") revised in part and rescinded in part a regulation it had adopted in November 2016 to address the waste of natural gas from new and existing oil and gas operations on federal and Indian lands, and to clarify when gas lost through venting, flaring, or leaks is subject to royalties. 83 Fed. Reg. 48,194 (Sept. 28, 2018) (the "Revision/Repeal Rule"). On September 18, 2018, State Plaintiffs filed this litigation challenging the Revision/Repeal Rule. Case No. 4:18-cv-05712. On September 28, 2018, Conservation and Tribal Citizen Group Plaintiffs filed a related case. Case No. 4:18-cv-05984. The Court has consolidated these cases. Case No. 4:18-cv-05712, ECF No. 45; Case No. 4:18-cv-05984, ECF No. 51.

The Western Energy Alliance ("the Alliance") and Independent Petroleum Association of America ("IPAA") and the State of Wyoming ("Wyoming") have intervened as Defendants in these cases. On December 12, 2018, the American Petroleum Institute ("API") moved to intervene. These parties may be collectively referred to as "Intervenor-Defendants."

3. <u>Legal Issues</u>

Plaintiffs allege that, in promulgating the Revision/Repeal Rule, Defendants violated: (1) the Mineral Leasing Act, 30 U.S.C. §§ 187, 225; (2) the Federal Land Policy Management Act ("FLPMA"), 43 U.S.C. §§ 1701(a)(8), 1702(c), 1732(b); (3) the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332(C); and (4) the APA, 5 U.S.C. §§ 553, 706(2)(A), (C).

Defendants and Intervenor-Defendants dispute these claims.

4.     <u>Motions</u>

The Court granted the Conservation and Tribal Citizen Group Plaintiffs' stipulation to consolidate and the Alliance and IPAA's and Wyoming's motions to intervene.  API's motion to intervene is pending.

Because this case is governed by the APA, the parties anticipate resolving this matter through summary judgment motions after the preparation of an administrative record. Accordingly, the parties proposed to depart from the Court's Standing Order in Civil Cases in the following ways.  *See* Judge Gonzalez Rogers' Standing Order in Civil Cases #9 (Motions for Summary Judgment).  First, pursuant to Section 6 of the Court's Standing Order, the parties are fully prepared to attend the scheduled case management conference through counsel with authority to enter into stipulations and make admissions, and to address all relevant issues in this Court's standing order and local rules.  However, the parties do not believe that a case management conference or pre-filing conference for the summary judgment motions are necessary in this case should the Court adopt the schedule proposed in paragraph 17 below.  If the Court wishes to hold a case management conference or pre-filing conference, the parties propose that the Court combine them into a single conference.  Second, because of the number and complexity of the claims, the parties propose to exceed the page limits and timing for summary judgment motions.  Third, because the undisputed facts will be contained in the administrative record, the parties propose to each provide a statement of facts with citations to the administrative record as part of their motion or cross-motion for summary judgment rather than providing separate supporting and responsive statements of facts.  Finally, the parties seek to file more than one motion and cross-motion for summary judgment per side because there are multiple parties with distinct interests on each side.  *See* Order Granting Stipulation to Consolidate Cases, ECF No. 45 ("Consolidation does not require any party to file joint briefs, or impact the rights of any party to file separate pleadings.").  The parties' proposed schedule for production of the administrative record and briefing summary judgment is set forth in paragraph 17 below.

5.  Amendment of Pleadings

The parties do not currently anticipate any further amendment of the pleadings. The parties propose that any such motions, if filed, would toll the summary judgment briefing deadlines until the motions to amend are resolved.

6.  Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in these actions. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer. In this matter, such preservation is limited to that necessary to prepare and submit the administrative record.

7.  Disclosures

The parties anticipate that these actions will be resolved based on the undisputed facts contained in the administrative record for the Revision/Repeal Rule. Evidentiary disclosures are not required in record review cases, and none are anticipated. Fed. R. Civ. P. 26(a)(1)(B)(i).

8.  Discovery

The parties anticipate that these actions will be resolved based on the undisputed facts contained in the administrative record for the Revision/Repeal Rule and that discovery will not be necessary.

9.  Class Actions

These cases are not a class action.

10. Related Cases

The court has consolidated Case Nos. 4:18-cv-05712-YGR and 4:18-cv-05984-YGR. The parties are aware of no additional related cases pending before another judge of this Court, or before another court or administrative body.

11. Relief

Plaintiffs seek: (a) a declaratory judgment that Defendants acted arbitrarily, capriciously, contrary to law, and in excess of statutory authority, in promulgating the Revision/Repeal Rule;

(b) an order setting aside and vacating the Revision/Repeal Rule; (c) an award of Plaintiffs' costs, expenses, and reasonable attorney fees; and (d) such other relief as the Court deems just and proper. Defendants and Intervenor-Defendants oppose the relief sought and request that the actions be dismissed with prejudice.

12. Settlement and ADR

The parties have complied with ADR L.R. 3-5 and have filed ADR certifications with the Court. The parties do not believe that settlement or ADR would be productive at this time.

13. Consent to Magistrate Judge for All Purposes

Defendants have declined to consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References

The parties do not believe that these cases are suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties do not believe that it is possible to narrow the issues at this time.

16. Expedited Trial Procedure

Because judicial review in these cases is based on an administrative record, they should be decided on summary judgment and no trial is expected to occur. The parties do not request an expedited summary judgment schedule.

17. Scheduling

The parties respectfully propose the schedule below for certifying the administrative record and briefing cross-motions for summary judgment:

| Deadline | Action |
| --- | --- |
| February 15, 2019 | Defendants lodge the administrative record for the Revision/Repeal Rule with the Court, and serve on the parties for review. |
| 30 days from AR filing | Deadline for parties to confer on administrative record disputes. |
| 60 days from AR filing | Any motions challenging the completeness of the administrative record or for leave to supplement the record. (The filing of such a motion shall toll the merits briefing |

| | |
|---|---|
| | schedule). |
| 90 days from AR filing or 60 days after any and all administrative record-related motions are fully resolved, whichever comes last | Plaintiffs' Motions for Summary Judgment. Plaintiffs' motions will not exceed 40 pages each for the State Plaintiffs and Conservation and Tribal Citizen Group Plaintiffs. |
| 60 days after Plaintiffs file their Motions for Summary Judgment | Federal Defendants' Combined Opposition to Motions for Summary Judgment and Cross-Motion for Summary Judgment. Federal Defendants shall file one brief, which will not exceed 60 pages. |
| 14 days after Federal Defendants' Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motions for Summary Judgment | Intervenor-Defendants' Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment. The Alliance, IPAA, and API's briefs will not exceed 40 pages total, to divide as they mutually agree. Wyoming's brief will not exceed 25 pages. |
| 30 days after Intervenor-Defendants file their Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment | Plaintiffs' Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions for Summary Judgment. Plaintiffs' replies and oppositions will not exceed 45 pages each for the State Plaintiffs and Conservation and Tribal Citizen Group Plaintiffs. |
| 45 days after Plaintiffs file their Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions for Summary Judgment | Federal Defendants' Replies in Support of Cross-Motion for Summary Judgment. Federal Defendants shall file one brief, which will not exceed 50 pages. |
| 14 days after Federal Defendants' Reply in Support of Cross-Motion for Summary Judgment | Intervenor-Defendants' Replies in Support of Cross-Motions for Summary Judgment. The Alliance's, IPAA, and API's briefs will not exceed 30 pages total, to divide as they mutually agree. Wyoming's brief will not exceed 15 pages. |
| Earliest available date no sooner than 30 days after summary judgment briefing completed | Hearing on Motions for Summary Judgment |

The parties reserve the right to request or oppose modifications to the page limitations and briefing deadlines above.

18.  Trial

A trial is not anticipated in these record review cases. The parties anticipate that the summary judgment hearing will require approximately two hours.

19.  Disclosure of Non-party Interested Entities or Persons

Conservation and Tribal Citizen Group Plaintiffs and Intervenor-Defendants have certified that there are no non-party interested entities or persons to be reported pursuant to Local Rule 3-15. Local Rule 3-15 does not apply to any governmental entity or its agencies, including State Plaintiffs and Defendants.

20.  Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  Other

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

Dated:  December 31, 2018          Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General

/s/ George Torgun
GEORGE TORGUN
SHANNON CLARK
CONNIE P. SUNG
Deputy Attorneys General

*Attorneys for Plaintiff State of California, by and through Xavier Becerra, Attorney General, and the California Air Resources Board*

HECTOR BALDERAS
Attorney General of New Mexico

/s/ Ari Biernoff
ARI BIERNOFF
BILL GRANTHAM
Assistant Attorneys General

*Attorneys for Plaintiff State of New Mexico, by and through Hector Balderas, Attorney General*

/s/ Stacey Geis
Stacey Geis, CA Bar # 181444
Earthjustice
50 California St., Suite 500,
San Francisco, CA  94111-4608
Phone: (415) 217-2000
Fax: (415) 217-2040
sgeis@earthjustice.org

Robin Cooley, CO Bar # 31168 (*admitted pro hac vice*)
Joel Minor, CO Bar # 47822 (*admitted pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Phone: (303) 623-9466
rcooley@earthjustice.org
jminor@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Fort Berthold Protectors of Water and Earth Rights, The Wilderness Society, and Western Organization of Resource Councils*

Susannah L. Weaver, DC Bar # 1023021 (*admitted pro hac vice*)
Donahue, Goldberg, & Weaver LLP
1111 14th Street, NW, Suite 510A
Washington, DC 20005
Phone: (202) 569-3818
susannah@donahuegoldberg.com

Peter Zalzal, CO Bar # 42164 (*admitted pro hac vice*)
Rosalie Winn, CA Bar # 305616
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO  80302
Phone: (303) 447-7214 (Mr. Zalzal)
Phone: (303) 447-7212 (Ms. Winn)
pzalzal@edf.org
rwinn@edf.org

Tomás Carbonell, DC Bar # 989797 (*admitted pro hac vice*)
Environmental Defense Fund
1875 Connecticut Avenue, 6th Floor
Washington, D.C.  20009
Phone: (202) 572-3610
tcarbonell@edf.org

*Attorneys for Plaintiff Environmental Defense Fund*

Laura King, MT Bar # 13574 (*admitted pro hac vice*)
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
Phone: (406) 204-4852
king@westernlaw.org

Erik Schlenker-Goodrich, NM Bar # 17875 (*admitted pro hac vice*)
Western Environmental Law Center
208 Paseo del Pueblo Sur, #602
Taos, NM 87571
Phone: (575) 613-4197
eriksg@westernlaw.org

*Attorneys for Plaintiffs Los Padres ForestWatch, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Earthworks, Montana Environmental Information Center, National Wildlife Federation, San Juan Citizens Alliance, WildEarth Guardians, Wilderness Workshop, and Wyoming Outdoor Council*

Darin Schroeder, KY Bar # 93828 (*admitted pro hac vice*)
Ann Brewster Weeks, MA Bar # 567998 (*admitted pro hac vice*)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 624-0234
dschroeder@catf.us
aweeks@catf.us

*Attorneys for Plaintiff National Wildlife Federation*

Scott Strand, MN Bar # 0147151 (*admitted pro hac vice*)
Environmental Law & Policy Center
60 S. 6th Street, Suite 2800
Minneapolis, MN 55402
Phone: (312) 673-6500
Sstrand@elpc.org

Rachel Granneman, IL Bar # 6312936 (*admitted pro hac vice*)
Environmental Law & Policy Center
35 E. Wacker Drive, Suite 1600
Chicago, IL 60601
Phone: (312) 673-6500
rgranneman@elpc.org

*Attorneys for Plaintiff Environmental Law & Policy Center*

David Doniger, DC Bar # 305383 (*admitted pro hac vice*)
Melissa Lynch, MA Bar # 689235 (*admitted pro hac vice*)
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, DC 20005
Phone: (202) 289-6868
ddoniger@nrdc.org
llynch@nrdc.org

*Attorneys for Plaintiff Natural Resources Defense Council*

```
 1                              JEAN E. WILLIAMS
                                Deputy Assistant Attorney General
 2                              Environment & Natural Resources Division
                                United States Department of Justice
 3

 4                              /s/ Carter F. Thurman
                                CARTER F. THURMAN
 5                              Trial Attorney, admitted to GA Bar
                                U.S. Department of Justice
 6                              Environment and Natural Resources Division
                                Natural Resources Section
 7                              601 D Street, NW
                                Washington, D.C. 20044-7611
 8                              Tel.: (202) 305-0444 / Fax: (202) 305-0506
                                Carter.Thurman@usdoj.gov
 9                              CLARE M. BORONOW, admitted to MD Bar
                                999 18th Street
10                              South Terrace, Suite 370
                                Denver, CO 80202
11                              Tel.: (303) 844-1362 / Fax: (303) 844-1350
                                clare.boronow@usdoj.gov
12
13                              *Counsel for Defendants*
14
                                /s/ Michael M. Robinson
15                              ERIK E. PETERSON (WSB 7-5608), admitted *pro hac vice*
                                MICHAEL M. ROBINSON (WSB 6-2658), admitted *pro hac vice*
16                              Senior Assistant Attorneys General
                                2320 Capitol Avenue
17                              Cheyenne, WY 82002
                                Telephone: (307) 777-6946
18                              Facsimile: (307) 777-3542
                                erik.petersen@wyo.gov
19                              mike.robinson@wyo.gov
20
21                              CHRISTIAN L. MARSH (SBN 209442)
                                CHRISTOPHER RENDALL-JACKSON (SBN 288933)
22                              DONALD E. SOBELMAN (SBN 184028)
                                DOWNEY BRAND LLP
23                              455 Market Street, Suite 1500
                                San Francisco, Ca 94105
24                              Telephone: (415) 848-4800
                                Facsimile: (415) 848-4801
25                              cmarsh@downeybrand.com
                                crendall-jackson@downeybrand.com
26                              dsobelman@downeybrand.com
27
28                              *Counsel for Intervenor-Defendant State of Wyoming*
```

By: /s/ Eric P. Waeckerlin
Eric P. Waeckerlin
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Tel: 303.295.8086
Fax: 303.975.5396
epwaeckerlin@hollandhart.com
Admitted *Pro Hac Vice*

Kathleen C. Schroder
DAVIS GRAHAM&STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Tel: 303.892.9400
Fax: 303.893.1379
Katie.Schroder@dgslaw.com
Admitted *Pro Hac Vice*

*Attorneys for Intervenors Western Energy Alliance and The Independent Petroleum Association of America*

/s/ Gary J. Smith
Gary J. Smith (SBN 141393)
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone: (415) 262-4000
Facsimile: (415) 262-4040
gsmith@bdlaw.com

Peter J. Schaumberg, pro hac vice
James M. Auslander, pro hac vice
John G. Cossa, pro hac vice
BEVERIDGE & DIAMOND, P.C.
1350 I St., N.W., Suite 700
Washington, DC 20005
Phone: (202) 789-6009
pschaumberg@bdlaw.com
jauslander@bdlaw.com
jcossa@bdlaw.com

*Attorneys for Proposed Intervenor American Petroleum Institute*

[PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____     _____
                                            Hon. Yvonne Gonzalez Rogers
                                            United States District Judge