Stacey Geis, CA Bar No. 181444
Earthjustice
50 California St., Suite 500
San Francisco, CA 94111-4608
Phone: (415) 217-2000
Fax: (415) 217-2040
sgeis@earthjustice.org
*Local Counsel for Plaintiffs Sierra Club et al.*
*(Additional Counsel Listed on Signature Page)*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA,** by and through **XAVIER BECERRA,** Attorney General**,** and the **CALIFORNIA AIR RESOURCES BOARD;** and **STATE OF NEW MEXICO,** by and through **HECTOR BALDERAS,** Attorney General**, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID BERNHARDT,**[1] Acting Secretary of the Interior; **JOSEPH R. BALASH,** Assistant Secretary for Land and Minerals Management, United States Department of the Interior; **UNITED STATES BUREAU OF LAND MANAGEMENT**; and **UNITED STATES DEPARTMENT OF THE INTERIOR,**<br><br>Defendants. | Case No. 4:18-cv-05712-YGR<br><br>Consolidated with No. 4:18-cv-05984-YGR<br><br>**CITIZEN GROUPS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS** |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Secretary of the Interior David Bernhardt is substituted as a defendant for Ryan Zinke, who resigned effective January 2, 2019.

Citizen Groups' Opposition to Federal Defendants' Motion for a Stay of Proceedings
Case No. 4:18-cv-05712-YGR (Consolidated with No. 4:18-cv-05984-YGR)

Plaintiffs Conservation and Tribal Citizen Groups ("Citizen Groups") respectfully ask the Court to deny the Federal Defendants' attempt to delay judicial review of the U.S. Bureau of Land Management's ("BLM") unlawful final rule, *Waste Prevention, Production Subject to Royalties, and Resource Conservation; Rescission or Revision of Certain Requirements*, 83 Fed. Reg. 49,184 (Sept. 28, 2018) ("Rescission"). While Citizen Groups appreciate the circumstances in which the federal government attorneys find themselves, the Antideficiency Act, 31 U.S.C. § 1342, does not entitle the Executive Branch to unilaterally stall litigation in which it is a defendant. Both the U.S. Department of Justice ("DOJ") and U.S. Department of the Interior ("Interior") have contingency plans that allow employees to work on litigation deadlines. In light of the ongoing waste of taxpayer-owned natural resources and harms to human health and the environment caused by BLM's unlawful Rescission and BLM's selective decision to work on other activities to promote energy development despite the lapse in appropriations, Plaintiffs ask that the Court deny Federal Defendants' request to stay the deadlines in this case.

## ARGUMENT

**I.   The Departments of Justice and the Interior Have Contingency Plans that Permit Them to Respond to Court Orders During the Shutdown.**

The Department of Justice has issued a contingency plan for a lapse in appropriations. U.S. Dep't of Justice, *FY 2019 Contingency Plan* (Jan. 10, 2019) ("DOJ Contingency Plan").[2] The Department's plan instructs attorneys to request that civil cases be postponed until funding is available, but directs that when a court denies the request, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue" within the meaning of the Antideficiency Act. *Id.* at 3; *see also id.* at 7 ("If a court denies a litigator's request to postpone a case and orders it to continue, the litigation will become an excepted activity that can continue during the lapse."). Accordingly, as the D.C. Circuit recently held, adhering to a pre-existing court schedule is consistent with the Antideficiency Act. Order, *Kornitzky Grp., LLC v. Elwell*, No. 18-1160, 2019 WL 138710, at *1 (D.C. Cir. Jan. 9, 2019) (Srinavasan, J., concurring).

---

[2] *Available at* https://www.justice.gov/jmd/page/file/1015676/download.

Similarly, the contingency plan for Interior's Office of the Solicitor provides that when a stay of litigation is denied, responsible attorneys will be "directed to report for work during a lapse in funding to perform such work as is necessary to support the subject litigation" as "part of the Executive Branch's constitutional duty to comply with duly issued and binding orders from the Judicial Branch." U.S. Dep't of Interior, Office of the Solicitor, *Contingency Plan* at 2 (Jan. 2019).[3]

In addition, pursuant to the DOJ Contingency Plan, attorneys are mandated to continue activities "where there is a reasonable likelihood that the safety of human life or the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question." DOJ Contingency Plan at 1. As explained below, this case challenges BLM's unlawful Rescission, which allows the loss of public property through the waste of federal and tribal natural gas and threatens human health and the environment by allowing additional harmful air pollution. *See infra* pp. 3–4. Department of Justice personnel may therefore continue to work on this case despite the prolonged partial shutdown. *See* Minute Order, *O.A. v. Trump*, No 1:18-cv-02718-RDM (D.D.C. Dec. 27, 2018) ("[W]here there is 'some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property,' government functions may continue." (quoting 42 Op. Att'y Gen. 293 (Jan. 16, 1981))).

DOJ's own Contingency Plan shows that, contrary to Federal Defendants' assertion, DOJ attorneys are not "prohibited by law from working on Defendants' letter brief and preparing for the status conference," Defs.' Mot. for a Stay of Proceedings in Light of Lapse of Appropriations 3 (Jan. 23, 2019), ECF No. 82 ("BLM Mot."), but rather are authorized to respond to court orders. Indeed, 45% of all Environment and Natural Resources Division staff have been exempted from furlough, and remain available to conduct litigation. DOJ Contingency Plan at 12, Tbl. 2. Accordingly, if this Court denies Federal Defendants' request for a continuance, Federal Defendants and their counsel, by statute and through their contingency plans, would be legally authorized and mandated to continue litigation and all related activities, including all actions required to meet this Court's upcoming deadlines for filing letter briefs and lodging the administrative record.

---

[3] *Available at* https://www.doi.gov/sites/doi.gov/files/2019-01-sol-contingency-plan.pdf.

**II.    BLM Should Not Be Permitted to Unilaterally and Indefinitely Delay a Case Challenging Its Unlawful Rescission of Critical Protections.**

The Rescission allows the waste of billions of cubic feet of publicly and tribally owned natural gas. This is public property whose waste costs taxpayers millions in lost royalties. 83 Fed. Reg. at 49,205. At the same time, each year the Rescission is in place, it threatens human health by allowing the emissions of hundreds of thousands of tons of dangerous pollutants, including the powerful climate-forcer methane, smog-forming volatile organic compounds, and cancer-causing hazardous air pollutants. BLM, *Regulatory Impact Analysis for the Final Rule to Rescind or Revise Certain Requirements of the 2016 Waste Prevention Rule* 47–48 (Aug. 31, 2018).[4] Americans living on and near public and tribal lands with oil and gas development, including numerous Citizen Group members, continue to be exposed to emissions of these dangerous air pollutants. These harms are ongoing; they do not stop because of the lapse in appropriations. Given these ongoing harms, this Court should not allow the government to delay resolution of Citizen Groups' challenge to the unlawful Rescission indefinitely. *See* Order Denying Mot. to Stay 3, *Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 2:18-cv-02785-TLN-DMC (E.D. Cal. Jan. 4, 2019), ECF No. 43 (denying shutdown-related stay motion because "to extend the time Plaintiff waits for resolution, while continuing the [ongoing logging] Project at issue" would not be appropriate).

Nor should the Court allow BLM to continue to authorize select employees to work only to serve its energy development agenda.  BLM claims that its employees cannot work on compiling the administrative record for the Rescission because "employees of the Defendant agencies are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" BLM Mot. at 2 (quoting 31 U.S.C. § 1342). Yet, BLM and Department of the Interior staff have continued to work to authorize other energy-related activities during the shutdown. For example, BLM's shutdown contingency plan allows staff to continue working on "selected energy, minerals, rights of way, grazing, and associated activities" and allows continued activity to issue permits and leases. BLM,

---

[4] *Available at* https://www.regulations.gov/document?D=BLM-2018-0001-223607.

*Contingency Plan for Possible Shutdown of Government Functions* 2–3 (Jan. 2019).[5] This month, BLM employees across the country were asked to return to work to resume processing applications for permits to drill and to issue oil and gas leases on public lands.[6] Elsewhere in Interior, the Bureau of Ocean Energy Management's contingency plan permits forty employees to continue work on "preparing National Outer Continental Shelf (OCS) Program decision documents," and justifies that decision by explaining that "[i]n order to comply with the Administration's America First energy strategy to develop a new OCS Oil and Gas leasing program, work must continue." Bureau of Ocean Energy Mmgt., *FY 2019 Contingency Plan* 2, 4 (Jan. 2019).[7] This Court should not allow the federal government to delay the administration of justice here while moving forward with other energy-related activities, some of which will exacerbate the very problems this litigation seeks to address.

Particularly "where, as here, there is a reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property, government functions may continue." Order at 1, *Waterkeeper All., Inc. v. Wheeler*, Civ. No. 18-2230 (JDB) (D.D.C. Jan. 14, 2019), ECF No. 31 (denying stay in case challenging EPA program authorizing permits for coal ash disposal) (quotations omitted); Order at 1, *New York v. U.S. Dep't of Labor*, Civ. No. 18-1747 (JDB) (D.D.C. Dec. 28, 2018), ECF No. 71 (similar).

### III.     Courts Throughout the Nation Have Rejected Similar Requests.

As the cases cited above demonstrate, courts nationwide have rejected similar bids by the federal government to unilaterally stall cases in which it is a litigant. *See In re Pet'n for a Gen. Order Holding Civil Matters in Abeyance*, Misc. No. 2:18-mc-00196 (S.D. W. Va. Jan. 2, 2019), ECF No. 3 ("[T]he government should not be given special influence or accommodation in cases where such special considerations are unavailable to other litigants."). Indeed, the Ninth Circuit has

---

[5] *Available at* https://www.doi.gov/sites/doi.gov/files/2019-01-blm-contingency-plan.pdf.
[6] *See, e.g.*, Kevin Robinson-Avila, *BLM continuing oil work in NM, despite shutdown*, Albuquerque J. (Jan. 18, 2019), https://www.abqjournal.com/1270281/blm-continuing-oil-work-in-nm-despite-shutdown.html; Heather Richards, *Limited federal workers return to work on Wyoming energy projects during shutdown*, Casper Star Trib. (Jan. 11, 2019), https://trib.com/business/energy/limited-federal-workers-return-to-work-on-wyoming-energy-projects/article_9195220d-790f-5e11-ae51-55438b128573.html.
[7] *Available at* https://www.doi.gov/sites/doi.gov/files/2019-1-boem-contingency-plan.pdf.

stated as a blanket matter that "[a]ll deadlines for court filings remain as scheduled" during the shutdown. U.S. Ct. of App. for the Ninth Cir., *Announcements* (Jan. 10, 2019);[8] *see also* Order at 1, *WildEarth Guardians v. Provencio*, No. 17-17373 (9th Cir. Jan. 22, 2019), ECF No. 64 (denying motion to postpone oral argument); Order at 1, *Juliana v. United States*, No. 18-36082 (9th Cir. Jan. 7, 2019), ECF No. 10 (in case regarding harms from climate change, granting motion to expedite, and denying the Federal Defendants' request to postpone case due to the lapse in appropriations).

The D.C. Circuit—which adjudicates a significant number of cases in which the federal government is a litigant—likewise has a practice of denying such motions. *See*, *e.g.*, Order at 1, *Maryland v. EPA*, No. 18-1285 (D.C. Cir. Jan. 18, 2019), Doc. No. 1769243 (denying motion to hold case in abeyance due to lapse in appropriations and ordering EPA to propose a briefing schedule).[9] Other examples abound, including cases in this court, and including cases in which the other parties consented to the request. *See, e.g.,* Minute Order, *California v. EPA*, No. 4:18-cv-03237-HSG (N.D. Cal. Jan. 17, 2019), ECF No. 84 (denying request to continue briefing schedule and hearing date in light of the lapse in appropriations).[10]

## CONCLUSION

For the foregoing reasons, Citizen Groups respectfully request that the Court deny Federal Defendants' motion for a stay in proceedings in light of the lapse in appropriations.

---

[8] *Available at* https://www.ca9.uscourts.gov/content/ view.php?pk_id=0000000969.

[9] *See also* Order at 1, *Idaho Conservation League v. Wheeler*, No. 18-1141 (D.C. Cir. Jan. 16, 2019), Doc. No. 1768673 (denying joint motion for extension of time); *Air Transp. Ass'n of Am., Inc. v. Fed. Aviation Admin.*, No. 18-1157, 2019 WL 190254, at *1 (D.C. Cir. Jan. 15, 2019) (denying motion to briefing schedule); *People for the Ethical Treatment of Animals v. U.S. Dept. of Agric.*, No. 18-5074, 2019 WL 180582, at *1 (D.C. Cir. Jan. 14, 2019) (denying motion to stay oral argument); Order at 1, *Leader Commc'ns, Inc. v Fed. Aviation Admin.*, No. 18-1147 (D.C. Cir. Jan. 7, 2019), Doc. No. 1767294 (denying motion to stay briefing).

[10] *See also* Order at 1, *W. Org. of Res. Councils v. Bernhardt*, No. 9:18-cv-00139-DWM (D. Mont. Jan. 11, 2019), ECF No. 37 (denying request to stay the case); Order Denying U.S.' Mot. for a Stay at 1, *United States v. S. Fla. Water Mgmt. Dist.*, No. 1:88-cv-01886-FAM (S.D. Fla. Jan. 4, 2019), ECF No. 2472 (denying motion to stay pending deadlines); Order at 1–2, *Colon-Morciglio v. United States*, No. 3:17-cv-02312-WGY (D.P.R. Jan. 2, 2019), ECF No. 20 (denying motion for stay and analogizing to a corporate litigant deciding not to pay its attorneys and then seeking a stay); Minute Order, *Corsi v. Mueller*, No. 1:18-cv-02885-ESH (D.D.C. Dec. 27, 2018) (denying motion to stay an upcoming hearing); Order Denying Mot. to Stay Pretrial Deadlines at 3, *California v. Ross*, No. 3:18-cv-01865-RS (N.D. Cal. Dec. 26, 2018), ECF No. 122 (similar).

Respectfully submitted this 24th day of January, 2019,

/s/ Stacey Geis
Stacey Geis, CA Bar # 181444
Earthjustice
50 California St., Suite 500,
San Francisco, CA 94111-4608
Phone: (415) 217-2000
Fax: (415) 217-2040
sgeis@earthjustice.org

Robin Cooley, CO Bar # 31168 (*admitted pro hac vice*)
Joel Minor, CO Bar # 47822 (*admitted pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Phone: (303) 623-9466
rcooley@earthjustice.org
jminor@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Fort Berthold Protectors of Water and Earth Rights, The Wilderness Society, and Western Organization of Resource Councils*

Susannah L. Weaver, DC Bar # 1023021 (*admitted pro hac vice*)
Donahue, Goldberg, & Weaver LLP
1111 14th Street, NW, Suite 510A
Washington, DC 20005
Phone: (202) 569-3818
susannah@donahuegoldberg.com

Peter Zalzal, CO Bar # 42164 (*admitted pro hac vice*)
Rosalie Winn, CA Bar # 305616
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
Phone: (303) 447-7214 (Mr. Zalzal)
Phone: (303) 447-7212 (Ms. Winn)
pzalzal@edf.org
rwinn@edf.org

Tomás Carbonell, DC Bar # 989797 (*admitted pro hac vice*)
Environmental Defense Fund
1875 Connecticut Avenue, 6th Floor
Washington, D.C. 20009
Phone: (202) 572-3610
tcarbonell@edf.org
*Attorneys for Plaintiff Environmental Defense Fund*

Laura King, MT Bar # 13574 (*admitted pro hac vice*)
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
Phone: (406) 204-4852
king@westernlaw.org

Erik Schlenker-Goodrich, NM Bar # 17875 (*admitted pro hac vice*)
Western Environmental Law Center
208 Paseo del Pueblo Sur, #602
Taos, NM 87571
Phone: (575) 613-4197
eriksg@westernlaw.org

*Attorneys for Plaintiffs Los Padres ForestWatch, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Earthworks, Montana Environmental Information Center, National Wildlife Federation, San Juan Citizens Alliance, WildEarth Guardians, Wilderness Workshop, and Wyoming Outdoor Council*

Darin Schroeder, KY Bar # 93828 (*admitted pro hac vice*)
Ann Brewster Weeks, MA Bar # 567998 (*admitted pro hac vice*)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 624-0234
dschroeder@catf.us
aweeks@catf.us

*Attorneys for Plaintiff National Wildlife Federation*

Scott Strand, MN Bar # 0147151 (*admitted pro hac vice*)
Environmental Law & Policy Center
60 S. 6th Street, Suite 2800
Minneapolis, MN 55402
Phone: (312) 673-6500
Sstrand@elpc.org

Rachel Granneman, IL Bar # 6312936 (*admitted pro hac vice*)
Environmental Law & Policy Center
35 E. Wacker Drive, Suite 1600
Chicago, IL 60601
Phone: (312) 673-6500
rgranneman@elpc.org

*Attorneys for Plaintiff Environmental Law & Policy Center*

Citizen Groups' Opposition to Federal Defendants' Motion for a Stay of Proceedings
Case No. 4:18-cv-05712-YGR (Consolidated with No. 4:18-cv-05984-YGR)   7

David Doniger, DC Bar # 305383 (*admitted pro hac vice*)
Melissa Lynch, MA Bar # 689235 (*admitted pro hac vice*)
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, DC 20005
Phone: (202) 289-6868
ddoniger@nrdc.org
llynch@nrdc.org

*Attorneys for Plaintiff Natural Resources Defense Council*