XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA, State Bar No. 196029
Supervising Deputy Attorney General
GEORGE TORGUN, State Bar No. 222085
SHANNON CLARK, State Bar No. 316409
CONNIE P. SUNG, State Bar No. 304242
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1974
Fax: (510) 622-2270
E-mail: George.Torgun@doj.ca.gov

*Attorneys for Plaintiff State of California*

HECTOR BALDERAS
Attorney General of New Mexico
BILL GRANTHAM (*pro hac vice*)
Assistant Attorneys General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 717-3520
E-Mail: wgrantham@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STATE OF CALIFORNIA,** et al.,

Plaintiffs,

**v.**

**DAVID BERNHARDT,** et al.,

Defendants.

**SIERRA CLUB,** et al.,

Plaintiffs,

**v.**

**DAVID BERNHARDT,** et al.,

Defendants.

Case No. 4:18-cv-05712-YGR

(Consolidated with No. 4:18-cv-05984-YGR)

**JOINT STATEMENT REGARDING PROCEDURAL HISTORY**

Pursuant to the direction of the Court at the February 11, 2019 case management conference, the parties to the above-entitled actions hereby submit this Joint Statement Regarding Procedural History.

**2016**

On November 18, 2016, the U.S. Bureau of Land Management ("BLM"), an agency within the U.S. Department of the Interior, finalized the Waste Prevention, Production Subject to Royalties, and Resource Conservation rule (the "Waste Prevention Rule"). 81 Fed. Reg. 83,008 (Nov. 18, 2016). BLM stated that it promulgated the Waste Prevention Rule "to reduce waste of natural gas from venting, flaring, and leaks during oil and natural gas production activities on onshore Federal and Indian (other than Osage Tribe) leases," and to "clarify when produced gas lost through venting, flaring, or leaks is subject to royalties, and when oil and gas production may be used royalty-free on site." *Id*. Among other requirements, the Waste Prevention Rule prohibited the venting of natural gas by operators except in certain limited situations, and required that oil well operators capture defined percentages of the gas produced each month. *Id*. at 83,023–24. It also required that operators inspect equipment for leaks of natural gas; repair any such leaks; replace equipment that contributes to the loss of natural gas during oil and gas production; recover fugitive gas emissions from certain storage tanks and other equipment; and measure and report vented and flared volumes. *Id*. at 83,011–12, 83,022–24. The Waste Prevention Rule had an effective date of January 17, 2017, although many of its requirements, including those related to gas capture, measurement of vented and flared gas volumes, equipment replacement, and leak detection and repair, were to phase-in with compliance required on January 17, 2018. *Id*. at 83,023–24, 83,033.

Soon after the Waste Prevention Rule was finalized, the Western Energy Alliance ("the Alliance") and Independent Petroleum Association of America ("IPAA"), followed by the States of Wyoming and Montana (collectively, "Petitioners"), filed legal challenges in federal district court in Wyoming, alleging that the Waste Prevention Rule regulated air pollution which BLM lacks statutory authority to regulate, and that the Waste Prevention Rule was arbitrary and capricious. *Western Energy Alliance v. Jewell*, Case No. 2:16-cv-00280-SWS (D. Wyo. Petition

filed Nov. 16, 2016); *State of Wyoming v. Jewell*, Case No. 2:16-cv-00285-SWS (D. Wyo. Petition filed Nov. 18, 2016). The States of California and New Mexico (in this action, the "State Plaintiffs"), as well as most of the Conservation and Tribal Citizen Group Plaintiffs in this action, intervened on the side of BLM in defense of the Rule; the States of North Dakota and Texas intervened on the side of Petitioners. The American Petroleum Institute ("API") was granted *amicus curiae* status in the case. The parties briefed and argued motions for a preliminary injunction filed by Petitioners.

**2017**

On January 16, 2017, the Wyoming district court denied Petitioners' motions for a preliminary injunction, concluding that Petitioners had not demonstrated the four prerequisites for relief. *State of Wyoming v. U.S. Dep't of the Interior*, 2017 WL 161428, *4–11 (D. Wyo. Jan. 16, 2017).

On January 17, 2017, the Waste Prevention Rule became effective, although compliance with the majority of the Waste Prevention Rule's requirements would not be required until January 17, 2018.

On March 28, 2017, President Donald Trump issued Executive Order 13783, entitled "Promoting Energy Independence and Economic Growth." 82 Fed. Reg. 16,093 (Mar. 31, 2017). Section 1 of that Executive Order stated the administration's policy position that "[i]t is in the national interest to promote clean and safe development of our nation's vast energy resources, while at the same time avoiding regulatory burdens that unnecessarily encumber energy production, constrain economic growth, and prevent job creation." *Id.* Section 1 of the Executive Order further stated that "it is the policy of the United States that executive departments and agencies (agencies) immediately review existing regulations that potentially burden the development or use of domestically produced energy resources and appropriately suspend, revise, or rescind those that unduly burden the development of domestic energy resources beyond the degree necessary to protect the public interest or otherwise comply with the law." *Id.* Section 7 of the Executive Order, entitled "Review of Regulations Related to United States Oil and Gas Development," specifically called on the Secretary of the Interior to review and, "if appropriate,"

"as soon as practicable, . . . publish for notice and comment proposed rules suspending, revising, or rescinding" the Waste Prevention Rule. *Id*. at 16,096.

On March 29, 2017, then-Secretary of the Interior Ryan Zinke issued Secretarial Order 3349, which provided that within 21 days, BLM would review the Waste Prevention Rule and report to the Assistant Secretary "whether the rule is fully consistent with the policy set forth in Section 1 of the March 28, 2017 E.O." BLM published the results of its review on October 24, 2017, finding that the Waste Prevention Rule is "inconsistent with the policy stated in EO13783" and that it "poses a substantial burden on industry, particularly those requirements that are set to become effective on January 17, 2018." *See* 82 Fed. Reg. 50,532, 50,535 (Nov. 1, 2017).

On June 15, 2017, BLM published a notice in the Federal Register "to postpone the compliance dates" for the provisions of the Waste Prevention Rule that required compliance on January 17, 2018 pursuant to Section 705 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 705. 82 Fed. Reg. 27,430 (June 15, 2017) ("Postponement Notice"). BLM explained that it postponed the compliance dates for certain provisions of the Waste Prevention Rule because Petitioners in the Wyoming litigation had "raised serious questions concerning the validity of certain provisions of the Rule" and "operators should not be required to expend substantial time and resources to comply with regulatory requirements that may prove short-lived as a result of pending litigation or the administrative review that is already under way." *Id.* at 27,431. On July 5, 2017, the State Plaintiffs filed a complaint challenging the Postponement Notice in the Northern District of California. Case No. 3:17-cv-03804-EDL (N.D. Cal.). The Conservation and Tribal Citizen Group Plaintiffs filed a similar action on July 10, 2017. Case No. 3:17-cv-03885-EDL (N.D. Cal.). The Court related the two cases on July 24, 2017. The Alliance and IPAA, along with the State of North Dakota, intervened on the side of BLM. The parties briefed and argued Plaintiffs' motions for summary judgment, as well as BLM's motion to transfer the case to Wyoming.

On September 7, 2017, the Court denied BLM's motion to transfer.

On October 4, 2017, the Court ruled that BLM lacked authority to postpone the compliance dates of the Waste Prevention Rule under 5 U.S.C. § 705, that BLM violated the

APA's notice and comment procedures, and that the Postponement Notice was arbitrary and capricious. *See California v. U.S. Bureau of Land Mgmt*., 277 F. Supp. 3d 1106 (N.D. Cal. 2017). Consequently, the court vacated the Postponement Notice. *Id*. at 1127.

On October 5, 2017, BLM published a proposed rule in the Federal Register that would suspend for one year, until January 17, 2019, certain requirements of the Waste Prevention Rule. 82 Fed. Reg. 46,458 (Oct. 5, 2017). These requirements included those covered by the now-vacated Postponement Notice that had compliance dates in January 2018, as well as certain other provisions for which compliance dates had already passed.

After receiving public comment, on December 8, 2017, BLM issued its final rule suspending certain requirements of the Waste Prevention Rule. 82 Fed. Reg. 58,050 (Dec. 8, 2017) ("Suspension Rule"). BLM stated that it "has concerns regarding the statutory authority, cost, complexity, feasibility, and other implications of the 2016 final rule, and therefore intends to avoid imposing likely considerable and immediate compliance costs on operators for requirements that may be rescinded or significantly revised in the near future." *Id.* On December 19, 2017, the State Plaintiffs, as well as the Conservation and Tribal Citizen Group Plaintiffs, challenged the Suspension Rule in the Northern District of California and moved for a preliminary injunction. Case No. 3:17-cv-07186-WHO (N.D. Cal.); Case No. 3:17-cv-07187-WHO (N.D. Cal.). The Court related the two cases on December 28, 2017. The Alliance, IPAA, API, and the States of North Dakota and Texas intervened on the side of BLM.

Separately, on December 29, 2017, the Wyoming court granted BLM and Petitioners' joint motion to stay proceedings in that case "in light of the Suspension Rule and the fact that the BLM is in the process of issuing a proposed Revision Rule" to revise the Waste Prevention Rule. Order Granting Joint Motion to Stay, *Wyoming v. U.S. Dep't of the Interior*, No. 16-cv-0285-SWS, ECF No. 189.

**2018**

On February 22, 2018, the Court in the Suspension Rule cases granted the motions for preliminary injunction, finding that BLM had "failed to provide the requisite reasoned analysis in support of the Suspension Rule, and it is therefore arbitrary and capricious within the meaning of

the APA." *California v. Bureau of Land Mgmt*., 286 F. Supp. 3d 1054, 1068 (N.D. Cal. 2018). In analyzing the "irreparable harm" prong of the four-prong preliminary injunction standard, the Court also found that the Suspension Rule was likely to result in "concrete harms that BLM's own data suggests are significant and imminent," such as emissions of methane, volatile organic compounds ("VOCs"), and other hazardous pollutants. *Id*. at 1073-75. Consequently, the Court preliminarily enjoined the Suspension Rule. *Id*. at 1076. The Court also denied the motions to transfer. *Id*. at 1060-63.

On February 22, 2018, BLM published in the Federal Register a proposed rule to rescind or revise certain requirements of the Waste Prevention Rule. 83 Fed. Reg. 7,924 (Feb. 22, 2018). BLM proposed to rescind several provisions of the Waste Prevention Rule including: (1) waste minimization plans, (2) gas-capture percentages, (3) well drilling requirements, (4) well completion and related operations requirements, (5) pneumatic controller requirements, (6) pneumatic diaphragm pump requirements, (7) storage vessel requirements, and (8) leak detection and repair requirements. *Id*. at 7,928. The proposal also modified requirements related to gas capture, downhole well maintenance and liquids unloading, and measuring and reporting volumes of flared and vented gas. *Id*.

Between February 26, 2018 and February 28, 2018, Petitioners in the litigation before the U.S. District Court for the District of Wyoming filed motions requesting that the court preliminarily enjoin or stay certain provisions of the Waste Prevention Rule. On April 4, 2018, following briefing on these motions, the Wyoming district court issued an Order staying implementation of the Waste Prevention Rule's provisions with January 2018 compliance deadlines. *State of Wyoming v. U.S. Dep't of the Interior*, Case No. 2:16-cv-00285-SWS, ECF No. 215 ("Order Staying Implementation of Rule Provisions and Staying Action Pending Finalization of Revision Rule") (the "Stay Order"). The Wyoming court explained that the order was necessary "to preserve the status quo, and in consideration of judicial economy and prudential ripeness and mootness concerns," in light of BLM's efforts to revise the Waste Prevention Rule, and did not apply the four-factor analysis for preliminary injunctions. *Id.* at 10. In a subsequent order denying a motion for a stay pending appeal to the U.S. Court of Appeals for

the Tenth Circuit, the Wyoming court clarified that it issued the Stay Order pursuant to 5 U.S.C. § 705. *State of Wyoming v. U.S. Dep't of the Interior*, Case No. 2:16-cv-00285-SWS, ECF No. 229.

On April 5 and 6, 2018, the Conservation and Tribal Citizen Group Plaintiffs and State Plaintiffs, respectively, appealed the Wyoming court's Stay Order to the Tenth Circuit Court of Appeals. The Tenth Circuit denied initial motions for a stay pending appeal and for dismissal of the appeal. *State of Wyoming v. U.S. Dep't of the Interior*, Nos. 18-8027, 18-8029 (10th Cir.) (Order dated June 4, 2018).

On September 28, 2018, BLM issued a final rule entitled "Waste Prevention, Production Subject to Royalties, and Resource Conservation; Rescission or Revision of Certain Requirements," which is the subject of the current case. 83 Fed. Reg. 49,184 (Sept. 28, 2018) (the "Rescission/Revision Rule"). State Plaintiffs filed their complaint when the Rescission/Revision Rule was signed on September 18, 2018, and filed a first amended complaint on October 10, 2018. Case No. 4:18-cv-05712-YGR (N.D. Cal.). State Plaintiffs also filed an administrative motion to consider whether cases should be related in the Suspension Rule case, which the Court denied on September 25, 2018. *California v. Bureau of Land Mgmt.*, Case No. 3:17-cv-07186-WHO, ECF Nos. 121, 125. The Conservation and Tribal Citizen Group Plaintiffs filed their complaint on September 28, 2018. Case No. 4:18-cv-05984-YGR (N.D. Cal.). At the request of the parties, the Court consolidated these cases on November 5, 2018. Case No. 4:18-cv-05712, ECF No. 45. The State of Wyoming, the Alliance, IPAA, and API have intervened on the side of BLM.

On October 11, 2018, following publication of the Rescission/Revision Rule, BLM filed a motion in the Tenth Circuit to dismiss the appeal in *Wyoming v. U.S. Dep't of the Interior* as moot. The parties in the Tenth Circuit agree that the Rescission/Revision Rule moots the appeal of the Stay Order, but disagree on the appropriate remedy. The Tenth Circuit has informed the parties that the matter will be submitted on the briefs on March 18, 2019.

On October 18, 2018, the parties in the Suspension Rule cases filed a joint motion to hold the cases in abeyance pending expiration of the Suspension Rule on January 17, 2019. The court

granted this motion on October 22, 2018.  *California v. Bureau of Land Mgmt.*, Case No. 3:17-cv-07186-WHO, ECF No. 126.  The parties intend to obtain dismissal of that case.

Dated:  March 1, 2019         Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General

/s/ George Torgun
GEORGE TORGUN
SHANNON CLARK
CONNIE P. SUNG
Deputy Attorneys General

*Attorneys for Plaintiff State of California, by and through Xavier Becerra, Attorney General, and the California Air Resources Board*

HECTOR BALDERAS
Attorney General of New Mexico

/s/ Bill Grantham
BILL GRANTHAM
Assistant Attorney General

*Attorneys for Plaintiff State of New Mexico, by and through Hector Balderas, Attorney General*

/s/ Stacey Geis
Stacey Geis, CA Bar # 181444
Earthjustice
50 California St., Suite 500,
San Francisco, CA  94111-4608
Phone: (415) 217-2000
Fax: (415) 217-2040
sgeis@earthjustice.org

*Attorney for all Conservation and Tribal Citizen Group Plaintiffs*

Robin Cooley, CO Bar # 31168 (*admitted pro hac vice*)
Joel Minor, CO Bar # 47822 (*admitted pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Phone: (303) 623-9466
rcooley@earthjustice.org
jminor@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Fort Berthold Protectors of Water and Earth Rights, The Wilderness Society, and Western Organization of Resource Councils*

Susannah L. Weaver, DC Bar # 1023021 (*admitted pro hac vice*)
Donahue, Goldberg, & Weaver LLP
1111 14th Street, NW, Suite 510A
Washington, DC 20005
Phone: (202) 569-3818
susannah@donahuegoldberg.com

Peter Zalzal, CO Bar # 42164 (*admitted pro hac vice*)
Rosalie Winn, CA Bar # 305616
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
Phone: (303) 447-7214 (Mr. Zalzal)
Phone: (303) 447-7212 (Ms. Winn)
pzalzal@edf.org
rwinn@edf.org

Tomás Carbonell, DC Bar # 989797 (*admitted pro hac vice*)
Environmental Defense Fund
1875 Connecticut Avenue, 6th Floor
Washington, D.C. 20009
Phone: (202) 572-3610
tcarbonell@edf.org

*Attorneys for Plaintiff Environmental Defense Fund*

Laura King, MT Bar # 13574 (*admitted pro hac vice*)
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
Phone: (406) 204-4852
king@westernlaw.org

Erik Schlenker-Goodrich, NM Bar # 17875 (*admitted pro hac vice*)
Western Environmental Law Center
208 Paseo del Pueblo Sur, #602
Taos, NM 87571
Phone: (575) 613-4197
eriksg@westernlaw.org

*Attorneys for Plaintiffs Los Padres ForestWatch, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Earthworks, Montana Environmental Information Center, National Wildlife Federation,*

*San Juan Citizens Alliance, WildEarth Guardians, Wilderness Workshop, and Wyoming Outdoor Council*

Darin Schroeder, KY Bar # 93828 (*admitted pro hac vice*)
Ann Brewster Weeks, MA Bar # 567998 (*admitted pro hac vice*)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 624-0234
dschroeder@catf.us
aweeks@catf.us

*Attorneys for Plaintiff National Wildlife Federation*

Scott Strand, MN Bar # 0147151 (*admitted pro hac vice*)
Environmental Law & Policy Center
60 S. 6th Street, Suite 2800
Minneapolis, MN 55402
Phone: (312) 673-6500
Sstrand@elpc.org

Rachel Granneman, IL Bar # 6312936 (*admitted pro hac vice*)
Environmental Law & Policy Center
35 E. Wacker Drive, Suite 1600
Chicago, IL 60601
Phone: (312) 673-6500
rgranneman@elpc.org

*Attorneys for Plaintiff Environmental Law & Policy Center*

David Doniger, DC Bar # 305383 (*admitted pro hac vice*)
Melissa Lynch, MA Bar # 689235 (*admitted pro hac vice*)
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, DC 20005
Phone: (202) 289-6868
ddoniger@nrdc.org
llynch@nrdc.org

*Attorneys for Plaintiff Natural Resources Defense Council*

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ *Carter F. Thurman*
CARTER F. THURMAN
Trial Attorney, admitted to GA Bar
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW
Washington, D.C. 20044-7611
Tel.: (202) 305-0444 / Fax: (202) 305-0506
Carter.Thurman@usdoj.gov
CLARE M. BORONOW, admitted to MD Bar
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1362 / Fax: (303) 844-1350
clare.boronow@usdoj.gov

*Counsel for Defendants*

/s/ Michael M. Robinson
ERIK E. PETERSON (WSB 7-5608), admitted *pro hac vice*
MICHAEL M. ROBINSON (WSB 6-2658), admitted *pro hac vice*
Senior Assistant Attorneys General
2320 Capitol Avenue
Cheyenne, WY 82002
Telephone: (307) 777-6946
Facsimile: (307) 777-3542
erik.petersen@wyo.gov
mike.robinson@wyo.gov

CHRISTIAN L. MARSH (SBN 209442)
CHRISTOPHER RENDALL-JACKSON (SBN 288933)
DONALD E. SOBELMAN (SBN 184028)
DOWNEY BRAND LLP
455 Market Street, Suite 1500
San Francisco, Ca 94105
Telephone: (415) 848-4800
Facsimile: (415) 848-4801
cmarsh@downeybrand.com
crendall-jackson@downeybrand.com
dsobelman@downeybrand.com

*Counsel for Intervenor-Defendant State of Wyoming*

By:__/s/ Eric P. Waeckerlin__
Eric P. Waeckerlin
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Tel: 303.295.8086
Fax: 303.975.5396
epwaeckerlin@hollandhart.com
Admitted *Pro Hac Vice*

Kathleen C. Schroder
DAVIS GRAHAM&STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Tel: 303.892.9400
Fax: 303.893.1379
Katie.Schroder@dgslaw.com
Admitted *Pro Hac Vice*

*Attorneys for Intervenor-Defendants Western Energy Alliance and The Independent Petroleum Association of America*

_/s/ Gary J. Smith________________
Gary J. Smith (SBN 141393)
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone: (415) 262-4000
Facsimile: (415) 262-4040
gsmith@bdlaw.com

Peter J. Schaumberg, pro hac vice
James M. Auslander, pro hac vice
John G. Cossa, pro hac vice
BEVERIDGE & DIAMOND, P.C.
1350 I St., N.W., Suite 700
Washington, DC 20005
Phone: (202) 789-6009
pschaumberg@bdlaw.com
jauslander@bdlaw.com
jcossa@bdlaw.com

*Attorneys for Intervenor-Defendant American Petroleum Institute*