Bethany A. Davis Noll, N.Y. State Bar #4541116 (*pro hac vice pending*)
Denise A. Grab, Cal. State Bar #268097
Richard L. Revesz, N.Y. State Bar #2044725 (*pro hac vice pending*)
Jason Schwartz, Va. State Bar #73398 (*pro hac vice pending*)
  Institute for Policy Integrity
  New York University Law School
  139 MacDougal, 3rd floor
  New York, NY 10012
  T: (212) 992-8932
  F: (212) 995-4592
  E-mail: denise.grab@nyu.edu

  Counsel for *Amicus Curiae*
  Institute for Policy Integrity

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, by and through XAVIER BECERRA, Attorney General, and the CALIFORNIA AIR RESOURCES BOARD; and STATE OF NEW MEXICO, by and through HECTOR BALDERAS, Attorney General,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID BERNHARDT, Secretary of the Interior; JOSEPH R. BALASH, Assistant Secretary for Land and Minerals Management, United States Department of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>*Defendants*,<br><br>State of Wyoming, Western Energy Alliance, Independent Petroleum Association of America, American Petroleum Institute,<br><br>*Intervenor-Defendants*. | Case No. 4:18-cv-05712-YGR<br>Related: Case No. 4:18-cv-05984-YGR<br><br>NOTICE OF MOTION AND MOTION OF THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>Hearing: January 14, 2020, 10:00 AM<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Courtroom 1, 4th Floor<br>1301 Clay Street, Oakland, CA 94612 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Institute for Policy Integrity ("Policy Integrity") hereby moves the Court for leave to file the accompanying *amicus curiae* brief in the above-captioned case in support of Plaintiffs.

## I. LEGAL STANDARD

The question of whether to grant permission to file an amicus brief lies solely within the discretion of the Court. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "[A]n individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California v. U.S. Dep't of Interior*, No. 17-5948, 2019 U.S. Dist. LEXIS 66300, at *16 (N.D. Cal. Mar. 29, 2019) (Armstrong, J.). As such, district courts welcome amicus briefs where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (Conti, D.J.) (internal quotation marks omitted). Briefs can be useful when they are "from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (Walker, D.J.). And amicus briefs should normally be allowed when the amicus has an interest in the case. *See In re Heath*, 331 B.R. 424, 430 (9th Cir. B.A.P. 2005). Policy Integrity's proposed amicus brief satisfies all of these factors.

## II. POLICY INTEGRITY'S PARTICIPATION WILL BE USEFUL TO THE COURT

In this case, Plaintiffs have challenged the Bureau of Land Management's ("BLM") repeal, 83 Fed. Reg. 49,184 (Sept. 28, 2018) ("Rescission") (AR 1-AR 31)[1], of the Waste Prevention Rule, 81 Fed. Reg. 83,008 (Nov. 18, 2016) (AR 90-AR 990), as arbitrary and capricious for failure to adequately address the harm that the repeal causes, among other issues.

Policy Integrity has particular expertise in agency analysis of the benefits and harms of regulations, as well as experience with the rule at issue in this case, and thus proposes to file a brief

---

[1] The administrative record is cited as "AR" with the page number, excluding leading zeros.

that usefully "amplifies a number of points raised in parties' papers." *California*, 2019 U.S. Dist. LEXIS 66300, at *18. In addition, this case has ramifications beyond the particular rulemaking under review and beyond the parties directly involved, and Policy Integrity's interest and expertise in the broader issues implicated by this case can be helpful to the Court's decision.

### A.  Policy Integrity's Expertise Will Benefit the Court

Policy Integrity is a nonpartisan, not-for-profit think tank dedicated to improving the quality of government decisionmaking through advocacy and scholarship in the fields of administrative law, economics, and public policy, with a particular focus on environmental and economic issues. Areas of special concern for Policy Integrity include the proper valuation of the economic and environmental impacts of natural resource extraction as well as the proper assessment of regulatory costs and benefits. Policy Integrity consists of a team of legal and economic experts, trained in the estimation of costs and benefits and in the application of economic principles to regulatory decisionmaking. Our Director, Richard L. Revesz, has published more than eighty articles and books on environmental and administrative law, including several works that address the legal and economic principles that inform rational regulatory decisions.[2] Our Natural Resources Director, Jayni Foley Hein, has written several articles and reports focused on natural resource management and conservation.[3] And our Legal Director, Jason A. Schwartz and other staff members have written extensively on best practices for agencies' use of the social cost of greenhouse gases.[4]

---

[2] *See* Richard L. Revesz, Publications, *available at* https://its.law.nyu.edu/facultyprofiles/index.cfm?fuseaction=profile.publications&personid=20228; *PHH Corp. v. Consumer Fin. Prot. Bureau*, 881 F.3d 75, 108-9 (D.C. Cir. 2018) (citing Professor Revesz's scholarship in the majority opinion as well as several of the other concurring and dissenting opinions).

[3] Jayni Hein, Profile, http://policyintegrity.org/jaynihein.

[4] *See, e.g.*, Peter Howard & Jason Schwartz, *Think Global: International Reciprocity as Justification for a Global Social Cost of Carbon*, 42 Colum. J. Envtl. L. 203 (2017); Richard L. Revesz & Jason A. Schwartz et al., *The Social Cost of Carbon: A Global Imperative*, 11. Rev. Envtl. Econ. & Pol'y 172 (2017) (AR 6806-AR 6807); Richard Revesz & Jason A. Schwartz et al., *Best Cost Estimate of Greenhouse Gases*, 357 Sci. 655 (2017).

In furtherance of its mission to promote rational decisionmaking, Policy Integrity files amicus curiae briefs to address the economic analysis that agencies used to support their rulemakings. For example, in this district, Policy Integrity has filed briefs addressing different agencies' failures to provide an adequate explanation for the economic impact of their rules. *E.g.*, Br. for Inst. for Policy Integrity as Amicus Curiae, *California*, 2019 U.S. Dist. LEXIS 66300 (explaining how the Department of Interior's repeal of a rule designed to reform royalty procedures had failed to adequately address the repeal's economic impact); Br. for Inst. for Policy Integrity as Amicus Curiae, *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106 (N.D. Cal. 2017) (No. 17–cv–03804) (Laporte, M.J.) (arguing that agency's failure to consider forgone benefits in delay of Waste Prevention Rule was arbitrary). In those cases, the courts have agreed that the agencies' analyses were arbitrary and capricious. *California*, 2019 U.S. Dist. LEXIS 66300 at *49-50 (holding that the repeal of the royalties reform rule was arbitrary and capricious); *California v. BLM*, 277 F. Supp. 3d at 1123 (holding failure to consider forgone benefits arbitrary).

In addition, Policy Integrity has submitted briefs addressing the rational way to calculate the social cost of greenhouse gases—a significant issue in the Rescission's analysis—in multiple courts. *See, e.g.*, Br. for Inst. for Policy Integrity as Amicus Curiae Supporting Petitioners, *Atlantic Coast Pipeline, LLC v. FERC*, No. 18-1224 (D.C. Cir., Apr. 12, 2019) (addressing the Federal Energy Regulatory Commission's failure to use the Interagency Working Group's Social Cost of Carbon); Br. for Inst. for Policy Integrity as Amicus Curiae Supporting Respondent, *Zero Zone, Inc. v. Dep't of Energy*, 832 F.3d 654 (7th Cir. 2016) (Nos. 14-2334, 14-2159, 14-2147) (addressing the U.S. Department of Energy's use of the Interagency Working Group's Social Cost of Carbon). This expertise and unique perspective will enable Policy Integrity to provide useful context and analysis in this case.

**B. Policy Integrity Has a Longstanding Interest in the Case, Which Makes Its Participation Useful to the Court**

Policy Integrity also has a strong interest in the rules at issue in this case. In 2016, Policy Integrity submitted two sets of comments on the proposed Waste Prevention Rule, including

comments specifically on the use of the Interagency Working Group's Social Cost of Methane to monetize the Waste Prevention Rule's climate benefits.[5] Policy Integrity also filed a brief in defense of the Waste Prevention Rule in a challenge brought by several states and industry groups. Br. for Inst. for Policy Integrity as Amicus Curiae, *Wyoming v. U.S. Dep't of Interior*, No. 16-00280 (D. Wy. Dec. 15, 2017).

As BLM has sought to roll back the Waste Prevention Rule, Policy Integrity has remained involved. Policy Integrity filed a brief supporting plaintiffs' challenge to BLM's June 2017 suspension of the Waste Prevention Rule. Br. for Inst. for Policy Integrity as Amicus Curiae, *California v. BLM*, 277 F. Supp. 3d 1106 (N.D. Cal. 2017) (Laporte, M.J.). And Policy Integrity submitted two sets of comments on the proposed repeal of the Waste Prevention Rule.[6] In light of its expertise and experience with these rules, Policy Integrity is well positioned to provide a useful perspective on the issues in this case.

### C. Policy Integrity's Participation Is Desirable in Light of the Broader Ramifications of the Issues

Policy Integrity seeks to participate in this litigation because the case has the strong potential to affect the outcome of other similar cases, as well as other rulemakings and policy decisions at both the federal and state levels. Policy Integrity's amicus brief focuses on the following issues: how agencies interpret statutory language in light of economic principles; the need to fully assess the forgone benefits of deregulation in order for agencies to comply with requirements for rational decisionmaking; the adequacy of the agency's explanations for key assumptions in the regulatory impact analyses; and the proper scope for valuing the social cost of greenhouse gases. The Court's ruling on each of these issues will have broader implications.

---

[5] Policy Integrity, *Comments on Proposed Rule for Waste Prevention, Production Subject to Royalties, and Resource Conservation*, 81 Fed. Reg. 6616 (proposed Feb. 8, 2016) (Apr. 21, 2016), https://www.regulations.gov/document?D=BLM-2016-0001-6805; Policy Integrity et al., *Joint Comments on Use of Social Cost of Methane* (Apr. 22, 2016), https://www.regulations.gov/document?D=BLM-2016-0001-9091.

[6] Policy Integrity, Comments on the Proposed Rescission or Revision of Certain Requirements for Waste Prevention and Resource Conservation (Apr. 23, 2018) (AR 84215-AR 84222); Policy Integrity et al., Joint Comments (Apr. 23, 2018) (AR 83408-AR 083409, AR 83416-83470).

The broad principles that govern repeals are enshrined in the Administrative Procedure Act (APA). Specifically, the APA requires an agency to "examine the relevant data and articulate a satisfactory explanation for its action." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Courts reverse where an examination of that explanation makes clear that the agency failed to consider "an important aspect of the problem." *Id.* One important factor that agencies must address when explaining a decision is the cost that the decision imposes on society. Executive Order 12,866, which has governed regulatory decisionmaking since 1993 and continues to apply today,[7] instructs agencies to consider both a regulation's costs and benefits from the perspective of society as a whole and to consider costs including "any adverse effects . . . on health, safety and the natural environment." Exec. Order No. 12,866 § 6(a)(3)(C)(ii), 58 Fed. Reg. 51,735 (Sept. 30, 1993). And courts have consistently required agencies to take the costs of their actions into account. *See Michigan v. EPA*, 135 S. Ct. 2699, 2707 (2015) (explaining that under 42 U.S.C. § 7412, "[n]o regulation is 'appropriate' if it does significantly more harm than good"); *New York v. Reilly*, 969 F.2d 1147, 1153 (D.C. Cir. 1992) (remanding rule where agency failed to explain how economic benefits would justify forgoing promised air benefits).

In the context of a repeal, costs include the forgone benefits of the repealed rule. *See Michigan*, 135 S. Ct. at 2707 ("'[C]ost' includes more than the expense of complying with regulations; any disadvantage could be termed a cost."). And failure to provide an adequate explanation for forgoing benefits renders the repeal arbitrary and capricious. *Air Alliance Houston v. EPA*, 906 F.3d 1049, 1067 (D.C. Cir. 2018) (holding that suspension was arbitrary and capricious for failing to adequately address the rule's forgone benefits); *California*, 277 F. Supp. 3d at 1122 (holding that agency's failure to consider forgone benefits was arbitrary and capricious); *cf. Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1039 (D.C. Cir. 2012)

---

[7] *See* Office of Mgmt. & Budget, Memorandum: Implementing Executive Order 13,771, Titled "Reducing Regulation and Controlling Regulatory Costs" pt. II (Apr. 5, 2017) ("EO 12866 remains the primary governing EO regarding regulatory planning and review."), https://www.whitehouse.gov/sites/whitehouse.gov/files/omb/memoranda/2017/M-17-21-OMB.pdf.

(finding that the agency properly calculated the costs of amending a regulation).

The Rescission is one of the many recent agency rules under President Trump seeking to repeal a prior regulation. Many of those other rules are also in litigation, and the outcome of this case has the potential to affect those other cases. For example, BLM also repealed the Hydraulic Fracturing on Federal and Indian Lands Rule ("Fracking Rule") and plaintiffs recently filed a motion for summary judgment in that case. The issues in that case are similar to the issues here. Here, as the proposed amicus brief explains, BLM has not adequately assessed the forgone emission benefits in its decision. *See* Br. of the Institute for Policy Integrity as Amicus Curiae at 10-19. Similarly, plaintiffs in the litigation over the Fracking Rule have challenged BLM's failure to consider the forgone benefits of the rule or explain how the cost savings exceed the forgone benefits of the repeal. *See* State Pls.' Mot. for Summ. J. at 21, *California v. Bernhardt*, No. 18-521, ECF No. 112 (N.D. Cal. June 3, 2019). Thus, the outcome of this case has the potential to affect the parties involved in other cases.

Moreover, the issues in this case are at play in several proposed repeals from other agencies, which are still under consideration at the agency level, *see, e.g.*, Policy Integrity Comments on the Safer Affordable Fuel-Efficient Vehicles Rule for Model Years 2021-2026 Passenger Cars and light Trucks, https://www.regulations.gov/document?D=EPA-HQ-OAR-2018-0283-5083. Thus, a decision in this case has the potential to affect agencies' analysis in repeals that are under consideration by agencies.

In addition, this Court's ruling on the required scope for valuing the social cost of greenhouse gases will also have broader implications. For example, a number of states rely on the estimates of the social cost of greenhouse gases published in 2016 by the federal Interagency Working Group. *See* Br. for Inst. for Policy Integrity as Amicus Curiae Supporting Defendants-Respondents, *Hudson River Sloop Clearwater Inc. v. Pub. Serv. Comm'n*, No. 07242-16 (N.Y. Sup. Ct., Mar. 28, 2018)[8] (describing multiple state-level programs that rely on the Interagency

---

[8] https://policyintegrity.org/documents/03.28.18_ZEC_NY_State.pdf.

Working Group estimates). Policy Integrity has been asked by state entities to help justify their continued use of the Interagency Working Group estimates in light of BLM's development of its "interim" estimates of the social cost of greenhouse gases. *See* Testimony of Dr. Peter Howard & Denise Grab before the New Jersey Legislature at 8-13, Apr. 25, 2019 (contrasting the two estimates).[9] Any language from a federal court decision that casts doubt on the continued legitimacy of the Interagency Working Group estimates could complicate states' ongoing reliance on those important numbers. It is apparent that many states and other federal agencies will be paying close attention to how this Court rules on this key issue. Policy Integrity has a keen interest in these broader ramifications, and our broader expertise on the development of the Interagency Working Group estimates versus the "interim" estimates can be helpful to the Court.

In sum, Policy Integrity's brief has the goal of helping ensure that agencies comply with their obligations to both look at the benefits from the perspective of society as a whole and accurately assess the economic and environmental impacts of deregulatory decisions. Policy Integrity has observed a widespread and deeply concerning pattern of federal agencies ignoring and actively undermining the best practices for regulatory analysis in their pursuit of deregulation. *See, e.g.*, *California*, 2019 WL 1877392 at *134 (describing the minimum standards set by the agency's own "Guidelines for Regulatory Impact Analysis" and lamenting that the agency "failed to do even that here"). Because the resolution of Plaintiffs' motions for summary judgment could affect other pending and future litigation and policy proceedings at both the federal and state levels, and because Policy Integrity can provide useful context to the Court about the broader implications of this case, this Court should grant Policy Integrity's motion to participate as amicus curiae. *See Sonoma Falls Developers, LLC*, 272 F. Supp. 2d at 925.

### III.     TIMELINESS

This motion is timely. Though this district does not have rules governing the timing of *amicus* briefs, the Court may look for guidance to the rules of other district courts. In the U.S.

---

[9] https://policyintegrity.org/documents/NJ_Legislature_SCC_Testimony.pdf.

District Court for the District of Columbia, the Local Rules require an amicus motion to be filed "in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." Rules of the U.S. District Court for the District of Columbia, Local Rule 7(o)(2) at 31 (June 2018), http://www.dcd.uscourts.gov/sites/dcd/files/LocalRulesJune2018.pdf. This brief is timely under that rule. There is more than enough time for the Court to decide Policy Integrity's motion without unduly delaying the decision on the pending motions for summary judgment. Indeed, the Court need not rule on this motion at any time prior to decision on the summary judgment motions, which will be argued in January 2020. The Court could then simply decide all the motions at the same time. *See, e.g.*, *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 870 F.3d 1222, 1230 (10th Cir. 2017) (granting Policy Integrity's motion to file an amicus brief over Intervenor-Appellees' objection).

Moreover, this timing will not prejudice Defendants or Intervenor-Defendants in their ability to respond to the arguments raised in Policy Integrity's proposed amicus brief, should they wish to do so. Defendants and Intervenor-Defendants could respond to Policy Integrity's arguments in their cross-motions for summary judgment, or in their reply briefs. *Cf.* Order, *Sierra Club v. Zinke*, No. 17-cv-03885 (N.D. Cal. Aug. 10, 2017) (Laporte, M.J.) (setting deadline for amicus briefs on a date after opposition briefs were filed), ECF No. 41.

**IV.   PARTIES' POSITION ON THIS MOTION**

Policy Integrity has conferred with the parties concerning the filing of this motion. Plaintiffs consent to this motion. Defendants stated the following: "Defendants will take no position on the motion until they have had an opportunity to review it. Defendants reserve the right to file a response to the motion."

Intervenor-Defendant Wyoming takes no position on this motion. Intervenor-Defendants Alliance, Independent Petroleum Association of America, and American Petroleum Institute, state: "we object to the Institute's participation as amicus in this case out of concern that such participation will prejudice the Alliance/IPAA's and API's ability to meet its previously agreed to page limits, and will be duplicative of the Plaintiffs' briefing. The Alliance/IPAA and API reserve

our rights to more fully explain this objection pending review of the Institute's brief."

Despite Intervenor-Defendants' opposition, the Court should grant the motion because Policy Integrity's brief is useful to the Court, as explained above. Moreover, Policy Integrity's brief is not "duplicative" of Plaintiffs' briefs because it provides a unique economics-centered perspective on this case, which is informed both by Policy Integrity's academic and economic expertise as well as Policy Integrity's experience with the rules at issue in this case and with other similar proceedings.

In addition, Policy Integrity's participation will not "prejudice" Intervenor-Defendants' ability to meet their page limits. Policy Integrity does not seek to intervene in this case as a party and so no party is required to respond to Policy Integrity's arguments at all. To the extent that Intervenor-Defendants or Defendants wish to respond to Policy Integrity's arguments, they have a total of 220 pages to file and they could likely use a few of those pages to respond to Policy Integrity. In fact, the total page limit for Intervenor-Defendants and Defendants exceeds the total page limit for Plaintiffs by fifty pages. Thus, Intervenor-Defendants and Defendants have an extra fifty pages they could devote to responding to any amicus briefs filed in support of Plaintiffs, should they wish to do so.

# CONCLUSION

For the forgoing reasons, Policy Integrity respectfully requests that the Court grant this motion and accept for filing the accompanying *amicus curiae* brief.

Dated: New York, NY
June 21, 2019

Respectfully submitted,
/s/ Richard L. Revesz
Bethany A. Davis Noll, N.Y. State Bar #4541116 (*pro hac vice pending*)
Denise A. Grab, Cal. State Bar #268097
Richard L. Revesz, N.Y. State Bar #2044725 (*pro hac vice pending*)
Jason Schwartz, Va. State Bar #73398 (*pro hac vice pending*)
 Institute for Policy Integrity
 New York University Law School
 139 MacDougal, 3rd floor
 New York, NY 10012
 T: (212) 992-8932
 F: (212) 995-4592
 E-mail: denise.grab@nyu.edu

*Counsel for* Amicus Curiae
*Institute for Policy Integrity*

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the NOTICE OF MOTION AND MOTION OF THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT along with exhibits, with the Clerk using the CM/ECF system, which I understand to have caused service of the filing to all counsel of record.

<u>/s/ Richard L. Revesz</u>
Bethany A. Davis Noll, N.Y. State Bar #4541116 (*pro hac vice pending*)
Denise A. Grab, Cal. State Bar #268097
Richard L. Revesz, N.Y. State Bar #2044725 (*pro hac vice pending*)
Jason Schwartz, Va. State Bar #73398 (*pro hac vice pending*)
Institute for Policy Integrity
New York University Law School
139 MacDougal, 3rd floor
New York, NY 10012
T: (212) 992-8932
F: (212) 995-4592
E-mail: denise.grab@nyu.edu

*Counsel for* Amicus Curiae
*Institute for Policy Integrity*