DOWNEY BRAND LLP
CHRISTIAN L. MARSH (Bar No. 209442)
455 Market Street, Suite 1500
San Francisco, CA 94105
Telephone: (415) 848-4800
Facsimile: (415) 848-4801
cmarsh@downeybrand.com

WYOMING ATTORNEY GENERAL'S OFFICE
ERIK E. PETERSEN (WSB No. 7-5608) (*appearing pro hac vice*)
Senior Assistant Attorney General
2320 Capitol Avenue
Cheyenne, WY  82002
Telephone: (307) 777-7895
Facsimile: (307) 777-3542
erik.petersen@wyo.gov

*Counsel for Intervenor-Defendant State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, by and through XAVIER BECERRA, Attorney General, and the CALIFORNIA AIR RESOURCES BOARD; and STATE OF NEW MEXICO, by and through HECTOR BALDERAS, Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN ZINKE, Secretary of the Interior, JOSEPH R. BALASH, Assistant Secretary for Land and Minerals Management, United States Department of the Interior, UNITED STATES BUREAU OF LAND MANAGEMENT; and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | Case No. 4:18-cv-05712-YGR<br><br>(Consolidated with No. 4:18-cv-05984-YGR)<br><br>**INTERVENOR-DEFENDANT STATE OF WYOMING'S REPLY IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    January 14, 2020<br>Time:    10:00 a.m.<br>Judge:   Yvonne Gonzalez Rogers<br><br>Courtroom 1, 4th Floor<br>1301 Clay Street, Oakland, CA 94612 |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    I.    The Citizens Groups' attempt to downplay *Michigan v. EPA* is unavailing (Issue C) .............................................................................................................. 1

    II.   The State Plaintiffs' attempt to distinguish *Michigan v. EPA* misses the point (Issue C) .............................................................................................................. 2

CONCLUSION .......................................................................................................................... 3

DOWNEY BRAND LLP

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*,
   538 F.3d 1172 (9th Cir. 2008) .................................................................................... 1, 2

*La. Pub. Serv. Comm'n v. FCC*,
   476 U.S. 355 (1986) ...................................................................................................... 3

*Michigan v. EPA*,
   --- U.S. --- 135 S. Ct. 2699 (2015) ............................................................................ 1, 2

*Wyoming v. Dep't of the Interior*,
   No. 2:16-CV-0285-SWS, 2017 Dist. LEXIS 5736 (D. Wyo. Jan. 16, 2017) ............ 1, 2

# INTRODUCTION

As discussed in the State of Wyoming's Memorandum in Support of its Cross-Motion for Summary Judgment, the Bureau of Land Management acted reasonably and lawfully when it revised and rescinded portions of the Bureau's unlawful 2016 Venting and Flaring Rule via the Revision Rule. (Dkt. No. 125). The Bureau had no other choice because it lacked the statutory authority to promulgate the 2016 rule in the first place and because the cost-benefit analysis underlying the 2016 rule was fatally flawed. The State Plaintiffs and the Citizens Groups disagree, but the Federal Defendants thoroughly refuted the arguments advanced by these groups in their comprehensive reply brief. As Wyoming previously made clear, the State has no wish to burden this Court with arguments that merely duplicate what the Federal Defendants have already provided. Accordingly, Wyoming adopts and incorporates the arguments advanced by the Federal Defendants by reference. Wyoming will limit its discussion here to responding to arguments advanced by Plaintiffs against Wyoming's reliance on *Michigan v. EPA*, — U.S. —, 135 S. Ct. 2699 (2015) and *Wyoming v. Dep't of the Interior*, No. 2:16-CV-0285-SWS, 2017 Dist. LEXIS 5736 (D. Wyo. Jan. 16, 2017).

For the reasons discussed in the Defendants' briefs, Wyoming respectfully requests that this Court uphold the Bureau's Revision Rule and deny Plaintiffs' Motions for Summary Judgment.

# ARGUMENT

**I. The Citizens Groups' attempt to downplay *Michigan v. EPA* is unavailing (Issue C).**

The Citizens Groups argue that Wyoming "ignores the binding precedent" of *Center for Biological Diversity v. National Highway Traffic Safety Administration*, 538 F.3d 1172 (9th Cir. 2008). (ECF_141 at 31 n.21). In so doing, the Citizens Groups attempt to use this decision to suggest that the Ninth Circuit does not share the Supreme Court's skepticism (and the District of Wyoming's skepticism) that an agency can justify the promulgation of a regulation by relying on the ancillary benefits of a regulation as the primary justification for issuing it. *See id.* (claiming that *CBD v. NHTSA* is "controlling" while *Michigan v. EPA* is a "red herring"). The *Center for Biological Diversity* decision does no such thing.

In *Center for Biological Diversity*, the Ninth Circuit held that the National Highway Traffic Safety Administration's decision not to monetize the benefits of carbon emissions during its fuel economy rulemaking was arbitrary and capricious. 538 F.3d at 1203. The court found that the decision was arbitrary because the agency determined the stringency of the fuel economy standards on the basis of monetized net benefits but assigned **no** value whatsoever to carbon emissions reductions. *Id.* at 1202-3. As an initial matter, that is not what happened here. The Bureau considered the domestic Social Cost of Methane, so *Center for Biological Diversity* is inapposite. (*See* ECF_123 at 39); (ECF_125 at 24). In any event, in no way does *Center for Biological Diversity* stand for the proposition that an agency can justify a regulation based primarily on ancillary benefits. *See* 538 F.3d at 1198-1204. The text of the court's decision makes clear that it did not consider that issue. *See id.* This explains why the word "ancillary" or a synonym to ancillary does not appear once in the court's discussion of the greenhouse gas issue. *See id.* The Citizens Groups' reliance on the *Center for Biological Diversity* case to discount *Michigan v. EPA* fails as a result.

## II. The State Plaintiffs' attempt to distinguish *Michigan v. EPA* misses the point (Issue C).

In a related effort, the State Plaintiffs attempt to minimize the importance of the Supreme Court's skepticism of using ancillary benefits as the primary justification for a regulation by arguing that the facts in *Michigan v. EPA* do not align exactly with the facts in this case. (ECF_140 at 20-21). But the State Plaintiffs miss the point. Wyoming never asserted that *Michigan v. EPA* controls here. The import of the case is the Supreme Court's skepticism of the type of approach the Bureau took when promulgating the 2016 rule. *Michigan v. EPA*, 135 S. Ct. at 2711 ("Even if the Agency *could* have considered ancillary benefits...") (emphasis in original).

The Wyoming district court rightly echoed this skepticism. (ECF_125 at 14-15) (quoting *Wyoming v. Dep't of the Interior*, No. 2:16-CV-0285-SWS, 2017 Dist. LEXIS 5736, at *32-34 (D. Wyo. Jan. 16, 2017)). Otherwise, agencies could use transparent pretexts to regulate matters outside their respective statutory authorities. (ECF_125 at 23). While the Citizens Groups and the

State Plaintiffs clearly favor this type of pre-textual approach when it comes to climate change, one wonders how they would react to an administration that, for example, used national security to justify any regulation under the sun. It is not difficult to imagine an agency "monetizing" the benefits of reduced illegal immigration and then using those **ancillary** benefits to justify just about anything. That is not how our system of government is intended to work, and perceived urgency about climate change does nothing to change that reality. Until Congress delegates authority to the Bureau to regulate climate change, something it is inarguably capable of doing, the Bureau "literally has no power to act" on the issue. *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986). Accordingly, the Bureau acted properly when it revised and rescinded portions of the unlawful 2016 Venting and Flaring Rule via the Revision Rule. The State Plaintiffs' argument against *Michigan v. EPA* does nothing to alter this.

## CONCLUSION

For the reasons discussed in the Defendants' briefs, Wyoming respectfully requests that this Court uphold the Bureau's Revision Rule and deny Plaintiffs' Motions for Summary Judgment.

Respectfully submitted this 11th day of December, 2019.

DOWNEY BRAND LLP

/s/   *Christian L. Marsh*
CHRISTIAN L. MARSH (Bar No. 209442)
455 Market Street, Suite 1500
San Francisco, CA 94105
Telephone: (415) 848-4800
Facsimile: (415) 848-4801
cmarsh@downeybrand.com

/s/   *Erik E. Petersen*
WYOMING ATTORNEY GENERAL'S OFFICE
ERIK E. PETERSEN, WSB No. 7-5608 (*pro hac vice*)
Senior Assistant Attorney General
2320 Capitol Avenue
Cheyenne, WY  82002
Telephone: (307) 777-7895
Facsimile: (307) 777-3542
erik.petersen@wyo.gov

*Counsel for Intervenor-Defendant State of Wyoming*